Eastern District.<br>
*May,* 1830.<br>
Kenner & al.<br>
*vs.*<br>
Their Creditors.

---

### SERAPURN vs. LA CROIX.

The purchaser of mortgaged premises is not subrogated to the mortgagee's right, although he pay the price to the mortgagor, who immediately and in his presence pays it over in discharge of the mortgage.

It is immaterial, whether the mortgagor use his money, or any other, to discharge the mortgage.

Judgment against the tutor is *prima facie* evidence against a third possessor, but if collusion be pleaded, and it be denied that the tutor was not chargeable for any thing, evidence to the contrary must be produced by the minor.

Eastern District.
*May*, 1830.

SERAPURN
*vs.*
LA CROIX.

APPEAL from the court of the parish and city of New-Orleans.

The plaintiff having obtained a judgment against her mother and guardian for her portion of her father's estate, sought to satisfy the same, by the seizure and sale of a house and lot, which her mother had purchased after the death of her father, and subsequently sold to the defendant. It was proved, that the father of the plaintiff left a considerable property, and that the mother administered on the estate of her children.

The defence set up was, that the purchase money, paid by the defendant for the house and lot in controversy, having been employed by the mother of plaintiff to pay her vendor a balance due, he, the defendant, became of right subrogated to the privileges of the vendor of the plaintiff's mother. The evidence showed, that a balance of seven thousand dollars was due from the mother of the plaintiff to her vendor, and that when the defendant purchased the property, *he*, the defendant, the mother of the plaintiff, and *her* vendor, went before a notary, in whose presence the defendant paid to the plaintiff's mother the price of the sale, six thousand dollars in cash, and furnished his notes for

the remainder. *She* immediately, in presence Eastern District. *May*, 1830. of the notary and witnesses, paid to her vendor the balance due, who gave her a receipt in full, and released the mortgage on the property. On the trial the defendant offered a witness, to prove that the money paid by the plaintiff's mother to her vendor, was the same money which at the same moment was paid by the defendant for the property. The court refused to admit the evidence, and the defendant excepted. The court also (notwithstanding the defendant's objection) permitted the plaintiff to read in evidence the record of the suit of the plaintiff against her mother. There was judgment for the plaintiff, and the defendant appealed.

SERAPURN
*vs.*
LA CROIX.

*Dennis*, for appellant.

1. The subrogation in favor of the appellant took place of course, and independent of the will and consent of the other parties. Old C. C. p. 29, art. 151.

2. The court erred in rejecting the evidence offered.

3. The judgment of the plaintiff against her mother, ought not to be proof against third persons.

*Canon*, contra.

HARVARD LAW SCHOOL LIBRARY.

Eastern District.
*May*, 1830.

SERAPURN
*vs.*
LA CROIX.

1. A mother has no right to purchase property for her minor child.

2. A minor can neither alienate nor purchase, without the authority of justice. Sarupurn vs. Debuys, 6 Mar. n. s. 18.

MARTIN, J. delivered the opinion of the court. The plaintiff seeks to obtain satisfaction of a judgment against her mother and tutrix, by the seizure and sale of a house and lot, purchased from the latter by the defendant.

He resisted her intentions, under a legal subrogation to the right of the mother's vendor, to whom he alleges he has paid six thousand dollars, the balance of the consideration of the sale from this vendor to the plaintiff's mother. The plaintiff contends, this sum was paid by the defendant to her mother, as the consideration of the sale between her and him; and that he did not pay her mother's vendor, but on the contrary, she, the mother, after having received the defendant's money, paid a larger sum to her own vendor, on the balance of the price due to the latter.

There was judgment for the plaintiff, and the defendant appealed.

The facts of the case, as they appear from the record, are, that the plaintiff's mother, having purchased the premises, while she was the plaintiff's tutrix, for twenty thousand dollars, six thousand dollars of which she paid down, and had a time for the balance, giving two notes of seven thousand dollars each, payable at six and twelve months, and afterwards sold the premises to the defendant, through the ministry of the register of wills, for twelve thousand dollars, payable six thousand dollars in cash, and the balance in two notes of three thousand dollars each, at six and nine months. After the adjudication, the defendant, the plaintiff's mother, and her vendor, went before a notary, in whose presence the defendant paid to the plaintiff's mother the said sum of six thousand dollars in cash, and delivered her his two notes for three thousand dollars each, and she immediately paid, in the presence of the notary and witnesses, the sum of seven thousand dollars, to her own vendor, who acknowledges to have therefore received another sum of seven thousand dollars, in discharge of the two notes of the plaintiff's mo-

ther, gave her a discharge of the balance due on the premises, and consented to the radiation of the special mortgage she had for the payment of the balance.

On these facts, the appellant's counsel has contended, that it is apparent from the attendance of the vendor of the plaintiff's mother before the notary, the payment of six thousand dollars in cash, and the delivery of two notes for three thousand dollars, together with the immediate payment received by the plaintiff's mother's vendor, that the appellant gave his money to her for the purpose of her immediately paying her own vendor, which was accordingly done; and hence it has been urged, that the appellant, being the owner by the adjudication of the premises, had interest to discharge the mortgage which the former vendor had thereon, and the mortgage having been discharged out of his the appellant's money, he is legally subrogated to the mortgagee, as effectually as if he had directly paid the money into the mortgagee's hands.

The parish court thought differently, and we think correctly. The appellant's aim was to have the original vendor's mortgage

*The purchaser of mortgaged premises is not subrogated to the mortgagee's*

discharged, and the entry of it in the books of the register of mortgages erased, for by an act to which he was a party, the mortgagor discharged the mortgage, and consented to his mortgagor having the registry of it erased. The appellant's money became *eo instanti* that he paid it, her immediate vendor's money, and she nor he paid it in discharge of the mortgage.

Eastern District.
*May*, 1830.

SERAPURN
*vs.*
LA CROIX.

right, although he pay the price to the mortgagor who immediately and in his presence pays it over in discharge of the mortgage.

Our attention has been called to two bills of exceptions to the opinion of the court, who refused evidence of the plaintiff's mother having discharged the mortgage, by the payment of the very money she received from the appellant.

The other, to the admission on evidence (notwithstanding the appellant's objection) of the record of the plaintiff's suit against her mother.

The parish court, in our opinion, did not err. It was immaterial whether the appellant's vendor used the money he had just paid her, or any other money of her own, to pay her debts to her mortgagee.

It is immaterial, whether the mortgagor use his money, or any other, to discharge the mortgage.

The record of the suit against the plaintiff, is *prima facie* evidence of the debt. Had the appellant pleaded collusion and

Eastern District.
*May*, 1830.

SERAPUR
*vs.*
LA CROIX.

*Judgment against the tutor is prima facie evidence against a third possessor, but if collusion be pleaded, and it be denied that that the tutor was not chargeable for any thing, evidence to the contrary must be produced by the minor.*

fraud, and that nothing was due to the plaintiff by her mother; this, as it might not be directly proven, and must have been met by evidence of an actual debt, might have thrown the burden of the proof on the appellee.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.