WESTERN DIS
September, 1833.

FOSTER
vs.
HER HUSBAND.

---

## FOSTER vs. HER HUSBAND.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

In an action by the wife against her husband, judgment for the plaintiff and appeal taken by intervenors, the creditors of the defendant, the Supreme Court refused to listen to the plaintiff's prayer to amend the judgment by enlarging the amount; the defendant not having complained of it.

Where a wife sells land belonging to her paraphernal estate, and in the notarial act of sale, acknowledges the receipt of the money, she cannot afterwards deny that she received it, although she may waive the *actual* receipt.

WESTERN DIS
*September*, 1833.

FOSTER
*vs.*
HER HUSBAND.

In such a sale the wife may show that in pursuance of an agreement between herself and her husband, the money was actually paid to her husband, or actually passed through his hands in consequence of a transfer of the land by her vendee, and a subsequent sale.

A vendor, having acknowledged the receipt of the price, may allege that he never touched it, but that it passed *eo instanti* into the hands of a third person for his use and benefit.

If the sale of paraphernal property be made on a credit, the wife's right of mortgage attaches only from the date of the receipt of the money and for the amount received.

In this action the wife sued her husband to obtain a separation of property and for the recovery of her dotal and paraphernal effects. She claimed of the defendant the sum of fourteen thousand one hundred and eighty-three dollars and eighty-four cents, as the amount of effects which she brought in marriage, in various articles of property inherited by her and received by the defendant as the administrator of her estate.

Among other things she inherited one-eighth part of fifty-five arpents of land on both sides of bayou Teche. She sold her share of this tract to her brother, Louis Demaret, by public act, dated March 17, 1824. In this act she acknowledges that she had received "seven thousand dollars, cash in hand, paid by the said L. Demaret to her," in consideration of the sale. In the following year Demaret sold this share to the defendant for seven thousand five hundred dollars. In 1829 the defendant sold nine arpents, including the tract inherited by the plaintiff, consisting of six arpents and seven-eighths, to one Kaigler, for twelve thousand four hundred and fifty dollars.

The plaintiff avers that the sale from her with her husband's consent, to Demaret, in 1824, was not "a real

WESTERN DIS
September, 1833.
═══════════
FOSTER
vs.
HER HUSBAND.

transaction;" that she never received the money as she acknowledged, nor does she believe her husband did; that the two acts of sale and re-sale, were intended to divest her of her apparent legal title, and to invest the defendant with the legal title to enable him to dispose of the land. She now claims the sum of ten thousand dollars as her portion of the proceeds of the nine arpents of land sold to Kaigler, or should that sum not be allowed, she claims seven thousand dollars.

To the petition of the plaintiff, her husband filed his answer, substantially admitting its allegations.

W. A. Gasquet, & Co. and Goble & Thomas, intervened, opposed the wife's claim, and required of her strict proof of it.

*L. Demaret*, the brother of the plaintiff, testified, that the sale of land, dated 17th March, 1824, by plaintiff and defendant to witness, was not a real transaction, but was intended to be made in anticipation of a law which it was then expected the legislature would soon pass, prohibiting the husband from disposing of his wife's property. Defendant requested the witness to accept the sale with this view. No money was paid. The defendant had the administration of the whole estate of the plaintiff.

The judge, *a quo*, allowed seven thousand dollars as the price of the sale from the plaintiff to her brother, on the ground that it passed to the defendant; and decreed to the plaintiff the total sum of nine thousand eight hundred and fifty dollars, with legal interest and mortgage. The mortgage for the seven thousand dollars was to take effect from March, 1824, the date of the sale from her to her brother.

The intervenors appealed. The plaintiff and appellee prayed to have the judgment amended, so as to allow her whole claim, as set forth in her petition.

*Lewis*, for plaintiff and appellee.

*Brownson*, for intervenors and appellants.

1. The parol testimony offered to prove that the price of

the land was paid to Foster, in direct opposition to the act of <span style="float:right">WESTERN DIS *September*, 1833.</span>
sale to which she was a party, and in which she acknow-
ledges to have received it, is inadmissible.  *La. Code*, 2256. <span style="float:right">FOSTER *vs.*</span>
1 *Mar. N. S.* 451, 454.   6 *Mar. N. S.* 206, 208, 445. <span style="float:right">HER HUSBAND.</span>

2. If this testimony is not admissible, then there is no proof that the money was paid to the husband.  She alleges in her petition, that she does not believe any money was paid to him, as the act of sale was simulated.  If there is no proof of payment, the presumption is against any money being paid.  *Febrero, Add. part* 1, *cap.* 4, *S.* 1. *No.* 11.

3. The husband is only responsible for as much as it is proven he has received, and no more.  *Ibid.*

4. The husband being only bound for what is actually delivered to him, in cases of doubt whether any thing was delivered, the presumption of law is against the wife.  *Febrero, Add. part* 2, *lib.* 1, *cap.* 3, *sec.* 1.

5. Proof of the general administration is not sufficient to charge the husband, because it would be equivalent to dispensing with the proof of delivery, and because such evidence does not prove the exact sums which have passed into the hands of the husband.  It would be a connivance between husband and wife, where their interests would prompt them most strongly to practice frauds upon creditors.  They might in this way, swell up the claims of the wife to an amoun greatly beyond real rights and just claims.

MARTIN, J., delivered the opinion of the court.

This is a suit for a separation of property, and the creditors of the husband are appellants from that part of the judgment by which the husband is charged with the price of a tract of land, theretofore the property of his wife, which is alleged to have come to his hands in the administration of her paraphernal property.

The plaintiff and appellee has prayed an amendment of the judgment, on the allegation that it is for a less sum than <span style="float:right">In an action by the wife against</span>
she is entitled to.  As she did not appeal, and her husband <span style="float:right">her husband, judgment for the</span>
does not complain of the judgment, and he is not, conse- <span style="float:right">plaintiff and appeal taken by in-</span>

WESTERN DIS
September, 1833.

FOSTER
vs.
HER HUSBAND.

tervenors the creditors of the defendant, the Supreme Court refused to listen to the plaintiff's prayer to amend the judgment by enlarging the amount, the defendant not having complained of it.

quently, before us, we cannot listen to an application to increase the amount which he was condemned to pay.

The appellants urge that the first judge erred in charging the husband with the price of the land, because by the notarial act, which is the evidence of the sale, it appears the price was received by the wife.

On the part of the wife it is contended, that the sale, the act of which is produced, was a simulated one; that if she be not allowed, she can prove the simulation and deny that she received the money; there is sufficient evidence that it afterwards came to his hands.

The facts of the case are, that in the year 1824, apprehensions being entertained that an act of the legislature was to be passed to prevent married women from selling their lands, and the husband and wife being desirous to preserve the means of disposing of the tract, they joined in a conveyance of it to her brother: that on the rejection of the bill by the legislature, the brother re-conveyed the tract to the husband, who afterwards disposed of it. In the act of sale executed before a notary, by the husband and wife to the brother, the price is stated to have been paid to her.

Where a wife sells land belonging to her paraphernal estate, and in the notarial act of sale, acknowledges the receipt of the money, she cannot afterwards deny that she received it, although she may waive the actual receipt.

On these facts, we are of opinion that the plaintiff cannot deny that she received the money; although she may have wanted the actual receipt of it from her brother, and been satisfied with his promises to pay the price or re-convey the tract to her husband, but nothing prevents her from showing that the money was actually paid afterwards to her husband in pursuance of such an agreement; or actually came through his hands in consequence of a transfer of the tract by the brother and a subsequent sale. Nothing prevents a vendee who has acknowledged the receipt of the funds to allege that she never touched, that it passsed *eo instanti* into the hands of a third person for her use and benefit. The vendee may indeed avail herself of the vendor's acknowledgment of the receipt of the price, but the person thus taking the money may not use this acknowledgment to prove that not he, but the vendee, received the money, if his taking it be proven.

In such a sale the wife may show that in pursuance of an agreement between herself and her husband, the money was actually paid to her husband, or actually passed through his hands in consequence of a transfer of the land by her vendee, and a subsequent sale.

A vendor, having acknowledged the receipt of the price, may allege that he never touched it, but that it passed *eo instanti* into the hands of a third person for his use and benefit.

The plaintiff has proven that his brother and vendee, conveyed the land to her husband, who disposed of it; that her husband did not give any consideration for the land. On these facts, the first judge has concluded that the consideration the husband's vendee agreed to pay for the land, represents the sum of seven thousand dollars, which the wife acknowledged to have received from her brother, in the act of sale of 1824; it appearing that this sum was accounted for by a subsequent conveyance of the brother to the husband, and finally realized by his sale in 1829. But in our opinion, as the sale was made on a credit, the husband's liability and the consequent right of mortgage of the wife, did not arise till she received the said sum of seven thousand dollars, or part thereof from his vendee. As the record affords no evidence of the amount thus received, nor of the dates of such payments, the precise extent of his liability, nor the precise date on which the right of mortgage, cannot be ascertained. This is necessary to the settlement of this case, as in our opinion, the first judge erred certainly in giving the right of mortgage from the sale of 1824, and probably on the amount allowed, as there is no evidence to establish the quantum of what has been received.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and the case remanded for a new trial, the appellee paying costs in this court.

*Western Dis September, 1833.*

