EASTERN DIST.
*April*, 1835.

WINTER
*vs.*
THIBODEAUX'S
EXECUTORS,
ET AL

The pretensions of the insurance company, therefore, to obtain relief on this appeal, cannot be heard.

===

## WINTER *vs.* THIBODEAUX'S EXECUTORS ET AL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The treasurer's deed of conveyance to the purchaser of a tract of land sold for the state taxes, is insufficient evidence of title, without legal evidence of the original assessment of the taxes due.

Under the *Civil Code of* 1808, *article* 15, *page* 454, minors had a legal mortgage on the property of their tutor from the day of his appointment: *Held*, also, that land acquired during the tutorship is subject to the mortgage of the minor.

A judgment recovered by a minor against his tutor, when not attacked as fraudulent or collusive, is *primâ facie* evidence of the amount *due*, the payment of which is secured by legal mortgage, when offered against a third possessor of the mortgaged premises.

This is an action by the plaintiff as the original vendor of a tract of land, sold to the ancestor of the defendants, in which he seeks to have a former judgment rendered *conditionally*, in his favor for the price, made absolute.

The pleadings and evidence of the case show, that on the 5th of December, 1828, Gabriel Winter obtained a judgment against the executors of the late H. S. Thibodeaux for seven thousand dollars, the price of a tract of land which he had sold in the life-time of the latter. But the defendants having

25

EASTERN DIST.
*April*, 1835.

WINTER
*vs.*
THIBODEAUX'S
EXECUTORS.

shown they were in danger of eviction by the heirs of Walker Gilbert, the judgment was made conditional that Winter should not take out execution, until he gave security in the sum of fifteen thousand dollars.

In May, 1831, the plaintiff instituted the present suit to have the said condition set aside, and that the judgment be made unconditional and absolute. He claimed this alteration on the ground that the land in question, on which a mortgage is claimed by the heirs of Walker Gilbert, was in 1828, while W. Gilbert was still living, sold by the treasurer, for the state taxes due on it in 1813—14, and purchased by A. A. Suares, for thirteen dollars, who received the treasurer's deed therefor, and conveyed the land so purchased to the plaintiff for fifteen dollars sixty cents as the consideration. He contends that he took the premises under this sale for the taxes and the conveyance to him, free of all liens and mortgages subsequent to the year 1816, before the appointment of tutor. In September, 1833, the heirs of Walker Gilbert intervened and claimed the land in virtue of a legal mortgage, and judgment, for twenty-one thousand four hundred and fifty-five dollars, with interest, rendered in March, 1825, against Lloyd Gilbert, their late tutor. They claim the right of mortgage on all the property owned and possessed by their said tutor, from the date of his appointment in 1818, till his death, on the 7th March, 1825. The land in contest had been sold by him in the mean time, to the present plaintiff, who sold and conveyed it to the late H. S. Thibodeaux, the ancester of defendants. They allege they have made an amicable demand, of more than ten days, from the defendants, to pay their judgment or surrender up the premises, which they have refused. The defendants plead the general issue, and aver they are purchasers and possessors in good faith, and entitled to the value of their improvements, amounting to fifteen hundred dollars; that Winter, their vendor, be called in warranty, and the same judgment rendered against him, in their favor, as the heirs of Gilbert may obtain against them. When all these separate demands were consolidated and submitted to the court for decision,

by consent of parties, all the questions of improvements and damages, as well as the rights of Gilbert's heirs to recover fruits and revenues, were reserved for future investigation.

EASTERN DIST.
*April*, 1835.

WINTER
*vs.*
THIBODEAUX'S
EXECUTORS.

The district judge, who tried the cause, decided that Winter being the owner of the land when he purchased from Suares, who bought at the sale for taxes, it was only redeeming his own land, the sale being a *vente à rémére*, and that he did not strengthen his title thereby. That the heirs of Walker Gilbert had a legal mortgage on the land in question, from the date of the appointment of their tutor, Lloyd Gilbert, from whom Winter purchased it.

Judgment was rendered against the land, in the hands of the defendants, as third possessors, in favor of Gilbert's heirs, for the amount of their judgment against their tutor, and in favor of the defendants, heirs of Thibodeaux, against Winter, in warranty, for such sum as the heirs of Gilbert should derive from a judicial sale of the mortgaged premises.

*Winter* appealed. Thibodeaux's heirs joined in the appeal, and prayed the judgment to be corrected, by allowing them the value of their improvements.

*Porter*, for the plaintiff, urged the following points:

1. The district judge erred in deciding that the treasurer's sale to Suares, evidenced by deed, did not convey to him all the property of Walker Gilbert, in the premises sold, free from all posterior liens and incumbrances. 2 *Martin's Digest*, 456.

2. The judgment of the District Court is also erroneous, because it recognises a legal mortgage in favor of the heirs of Walker Gilbert, on the property now owned and possessed by the heirs and legal representatives of H. S. Thibodeaux, deceased. *Civil Code, p.* 72. *Louisiana Code*, 354.

*Taylor*, for the heirs and representatives of Thibodeaux, contended there was error in the judgment below, because it only gave them the price of the land, without any allowance for improvements and such damages as they had sustained.

EASTERN DIST.
*April*, 1835.

WINTER
*vs.*
THIBODEAUX'S
EXECUTORS.

2. The plaintiff was not entitled to any interest on the . judgment he obtained in 1826, as it required him to give security before he was entitled to any benefits under it. 3 *Martin*, 245. 6 *Ibid.*, 659. 8 *Ibid.*, *N. S.*, 214. 1 *Louisiana Reports*, 81. 4 *Ibid.*, 94–5.

3. The heirs of Thibodeaux should have had judgment against Winter, in warranty, for the value of their improvements. *Civil Code*, 104, arts. 1, 2 and 3. *Ibid.*, 196, art. 216. *Ibid.*, 462, art. 98. *Louisiana Code*, 500, 1334, 3370.

*J. Seghers*, for the heirs of Walker Gilbert, the intervenors.

1. The judgment of the minors, which they had obtained against their tutor, is *primâ facie* evidence of the debt and mortgage against the third possessor of the mortgaged premises, unless it be attacked on the ground of fraud and collusion. 1 *Louisiana Reports*, 379.

2. The legal mortgage of the minors could not be extinguished or affected by the pretended sale for the taxes, by the state treasurer. This would be opening the door for the greatest frauds.

3. In 1828, when this land was sold, the state had no longer any lien or privilege for taxes due in 1813 and 1814. By the adoption of the code in 1825, the state renounced her privilege. *Louisiana Code*, art. 3152. 3 *Louisiana Reports*, 158.

4. The minors of Gilbert object to the treasurer's sale, on the ground that there is no proof that the land sold, is the same owned by Walker Gilbert, and now in the possession of the defendants. 4 *Louisiana Reports*, 207.

5. The state treasurer had no authority to sell lands for taxes due, so far back as 1813 and 1814. See acts of 1818, 2 *Moreau's Digest*, 479.

6. Even if the state treasurer had authority to sell lands for taxes due in 1813 and 1814, there is no evidence that he complied with the formalities of law; that the land was advertised, &c. In forced alienations, the legal formalities required by law, must be strictly complied with. 4 *Louisiana Reports*, 150, 207.

7. There is no assessment roll produced, or evidence that this land was assessed for the state taxes. This is a fatal defect. 6 *Martin N. S.,* 347. 7 *Louisiana Reports,* 46.

*Bullard, J.,* delivered the opinion of the court.

The appellant, Winter, having sold to the late H. S. Thibodeaux, a tract of land which formerly belonged to Walker Gilbert, sued the executors of his vendee for the price, and recovered judgment; subject to the condition, that its effect should be suspended until Winter should give security in the sum of fifteen thousand dollars, to protect the defendants against the danger of eviction, in consequence of legal mortgage on the land, in favor of the minor heirs of Walker Gilbert, resulting from the tutorship of Lloyd Gilbert, to whom the land belonged at the time he was appointed their tutor.

The present suit was instituted by Winter, to cause that restriction as to the effect of his first judgment, to be judicially rescinded, on the allegation, that the land had been sold for taxes due by Walker Gilbert in 1813 and 1814, that he had purchased the land from Suares, who bought it at the treasurer's sale, and that he holds it free from all liens and mortgages subsequent to the year 1814, and that the legal mortgage set up by the minors Gilbert, never attached.

In this suit the heirs of Walker Gilbert intervened and set up their mortgage, averring, that the land belonged to Lloyd Gilbert their tutor at the time of his appointment, and that they have a judgment against him for a large balance on account of his tutorship. They further represent, that they have instituted an hypothecary action against the representatives of Thibodeaux, which is yet pending, and which they pray may be consolidated with this suit. The representatives of Thibodeaux, deny generally the allegations in the petition, they allege that the first judgment rendered against them in favor of Winter, not having been appealed from, has become final, and that they are not bound to pay any part of the money until security be given according to that judgment.

EASTERN DIST.
*April*, 1835.

WINTER
*vs.*
THIBODEAUX's
EXECUTORS.

In the hypothecary action, Winter was called in warranty, and the two cases having been consolidated, were tried together, judgment was rendered in favor of the heirs of Gilbert, and the original plaintiff appealed.

The case presents two questions for the consideration of this court : 1st. Has the plaintiff acquired under the Treasurer's sale for taxes, the title of W. Gilbert, as it existed in his life-time, and free from the mortgage of his minor heirs, which arose after his death, and while the land was in possession of Lloyd Gilbert, their tutor ? and, 2d. Have the heirs of Gilbert exhibited such evidence in the hypothecary action, as entitles them to have the land sold, in the hands of the heirs of Thibodeaux, as third possessors.

I. The only evidence exhibited in support of the plaintiff's title under the treasurer's sale, is his deed of conveyance to Suares. The land is described as a tract of ten arpents, more or less, situated in the parish of Lafourche Interior, and is declared to be sold for state taxes for the years 1813 and 1814. The sale for arrearages of taxes, took place on the 11th of February, 1828. The tract of land sold by Lloyd Gilbert to Winter, and by the latter to Thibodeaux, is discribed as a tract of ten arpents front on each side of the Bayou Lafourche and containing eight hundred superficial arpents. In addition to this striking discrepancy, this court has repeatedly decided that a title cannot be made out under a collector's or treasurer's sale for taxes, without exhibiting legal evidence of the original assessment of the tax due. In the present case no such evidence is offered, and we are of opinion that the treasurer's sale, conveyed no title. 6 *Martin, N. S.* 347. 7 *Louisiana Reports,* 46.

The treasurer's deed of conveyance to the purchaser of a tract of land sold for the state taxes is insufficient evidence of title, without legal evidence of the original assessment of the taxes due.

II. In support of their claim in the hypothecary action, the heirs of Gilbert exhibit a judgment rendered in their favor, against the representatives of L. Gilbert, their former tutor, for twenty-one thousand four hundred and forty-five dollars. His appointment took place on the 2d of September, 1818. The tract of land in question became the property of Lloyd Gilbert in the year 1820, having been sold as a part of the estate of Walker Gilbert, purchased by Thomas C. Nicholls

and by him conveyed to Lloyd Gilbert, who sold it to Winter two years afterwards. Under the provisions of the *Old Code,* in force at that time, the minors had a tacit mortgage on the property of their tutor, from the day of his appointment. *Old Civil Code, page 454, article* 15.

The mortgage, therefore, in our opinion, attached to the tract of land in question, as soon as it became the property of the tutor. The judgment recovered by the minors, against their tutor or his legal representatives, is *primâ facie* evidence of the amount due, the payment of which is secured by the legal mortgage. The judgment in this case, is not attacked as fraudulent or collusive. 1 *Louisiana Reports,* 379.

We are, therefore, of opinion, that the District Court did not err in ordering the land to be sold to satisfy the mortgage of the heirs of Gilbert.

But the appellees, the heirs of Thibodeaux, complain of the judgment rendered in their favor, in warranty, against Winter, by which the latter was condemned to pay only the price of the land, according to the original contract of the sale from Winter to their ancestor, whereas he ought to have been condemned to pay the value of the improvements made by them on the land, and such damages as they may suffer in the premises.

The judgment expressly reserves all questions in relation to improvements and damages, as well as for fruits and revenues between the different parties, for future adjudication, under an agreement found in the record.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs; and it is further ordered, that the case be remanded for further proceedings in relation to improvements.

EASTERN DIST.
*April,* 1835.

WINTER
*vs.*
THIBODEAUX'S
EXECUTORS.

Under the *Civil Code of* 1808, *article* 15, *p.* 454, minors had a legal mortgage on the property of their tutor, from the day of his appointment: *Held,* also, that land, acquired during the tutorship, was subject to the mortgage of the minor.

A judgment, recovered by a minor, against his tutor when not attacked as fraudulent or collusive, is *primâ facie* evidence of the amount *due,* the payment of which is secured by legal mortgage, when offered against a third possessor of the mortgaged premises.