On Rehearing.
InsnEV, J.
This case is before us on a rehearing, and it is urged as the ground for the application, that the seizing creditors of John F. Mc-Ginn, having by virtue of Art. 722, O. P., acquired a privilege upon his stock of goods by their seizure of them, their lien so acquired cannot be defeated by the subsequent rendition of a judgment against their debtor, or the registry after the seizure of another lien.
This proposition, as a general rule, cannot be questioned; but can it be made applicable to a case where property is affected, in advance, with a special privilege or pledge, in favor of a lessor upon goods on his premises, at the time seizures by creditors of the lessee are made? This question carries with it its own answer? for, if it were otherwise, the security which the law accords to a lessor could at any time be defeated by any judgment-creditor of a tenant whose seizure was made first.
In a conflict for the proceeds of sales of property, found upon leased premises, any legal evidence suffices to prove a lessor’s claim for rent, and this proved, the special privilege attaches, regardless of the action of other creditors against the property pledged.
In our first decisipn we held, and properly, that judgments are prima facie evidence against third persons, unless they are directly attacked for fraud and collusion; (1 La. 377. 8 La. 199. 17 La. 205;) and that to put the party offering, to the proof of the facts upon which the judgment was rendered, fraud and collusion must be alleged. 8 La. 199. 14 La. 454. 13 La. 176. 4 A. 136.
On the trial of the opposition, made by the plaintiffs, the record of tlmir suit was in evidence, but it did not contain the evidence upon which judgment in their favor was rendered and their privilege recognized.
The. judgment is defective, in not showing at what date the lessor’s privilege attached, nor is it shown by other evidence. There is proof of the occupation by McGinn of the plaintiffs’ premises, at the time of, and and previous to, the defendants.’ seizures; but no contractoi lease is shown, nor any fixed price, which is essential to such-a contract, as we held in Haugherty v. Lee, 17 A. 22, and in Jordan v. Meade, 19 A. 101.
Upon a re-examination of the testimony, we do not think it sufficient to sustain the plaintiffs’ third opposition. We are, however, satisfied that the debtor, McGinn, occupied the opponents’ building previous to and when the goods were seized by the defendants, and as the former evidently attached too much weight to their judgment, and did not there*' *269 fore adduce such other evidence as might, and probably would have shown a lease and pledge in their favor, we will, in the exercise of our discretion, (Art. 906, O. P.) and to serve the purposes of justice, remand the case to the court below for a new trial. , ■
It is therefore ordered, adjudged and decreed, that the judgment of the District Oourt be annulled, avoided and reversed. It is further ordered that the case be remanded for a new trial, and further proceedings according to law, the costs of appeal to be paid by the plaintiffs and appellees;