NEW ORLEANS, JANUARY, 1869.                    53

Marie Eugenie Mille and Husband v. Clarisse Dupuy and Husband.

No. 1575.—MARIE EUGENIE MILLE and Husband *v.* CLARISSE DUPUY and Husband.

The tacit mortgage allowed by law in favor of minors, on the property of their tutor dates from the appointment, and the tacit mortgage allowed by law on the property of the husband in favor of the wife to secure the restitution of her paraphernal property which has come into his hands dates from the time the property was received.

In a case where the property of the husband is not sufficient to pay the mortgage due his ward, for which he is liable as' tutor, and the mortgage in favor of his wife for the restitution of her paraphernal property which he has received, the rank and priority of mortgage must be determined by the date at which they respectively took effect.

Obligations to pay money accompanied with a mortgage are classed as movables.

Where two parties holding claims of equal dignity against a third, enter into an agreement in writing to the effect that one is not to take any legal steps without giving the other notice, and in disregard of the stipulations in the agreement one of the parties proceeds by seizure and sale he will not be allowed any preference over the other on account of the seizure thus made in violation of the agreement. In such a case the law will place the other party in the exact position he might have occupied had he received notice.

APPEAL from Fifth District Court, Parish of Iberville, *Posey*, J. *Barrow & Pope*, for appellants, *Provosty, Rousseaux and Estevan*, for appellees.

REPORTER.—This case was decided in the month of March, 1868, by the Supreme Court organized under the Constitution of 1864; an application for a rehearing was made which was still pending at the adjournment of the court. The present court on an examination of the application refused the rehearing in the month of January, 1869.

ILSLEY, J. In the year 1862, Michel Hebert, the legal tutor of the minor Marie Eugene Mille, then wife of Joseph A. Breaux, filed in the District Court of Iberville, his account of tutorship which represented the liquidated balance in money, besides other property coming to his ward to be fifty thousand seven hundred and seventy-five dollars, on which sum the tutor agreed to pay her interest at the rate of eight per cent. per annum from the thirteenth of May, 1861, secured by legal mortgage on the tutor's immovable property, from the nineteenth December, 1856.

Subsequently, on the sixth of January, 1866, Mrs. Clarisse Dupuy, the wife of the tutor, Michel Hebert, obtained against her husband in a suit for separation of property, a judgment for the sum of fifty-six thousand two hundred and fifty-one dollars and thirty-three cents, with the recognition of her legal mortgage on her husband's immovable property, dating from the respective periods at which the several amounts constituting the above mentioned sum total were received by her husband. These are the conflicting claims against Michel Hebert, which have caused the present controversy, and as the debtor's assets are now insufficient to satisfy both of them, each of the parties to this suit is striving to invalidate the claim of the other. The case is somewhat complicated, and it is rendered more so by an agreement entered into by, or for the parties, to which we shall have occasion presently to refer. Before, however, adverting to the complications occasioned by the agreement, we will proceed to determine the nature and value of each of the conflicting claims; and *first*, that of the minor, the plaintiff in this suit.

The final account of tutorship was rendered in court by the tutor to his ward, who had attained the age of majority in accordance with article 350 of the Civil Code. (See 2 An. 71; 11 An. 523; 8 N. S. 665; Marcade vol. 2, 262. It was found to be correct in every particular, by the ward and her husband, who did not oppose it but prayed for its homologation, and it was thereupon homologated by the court.

The judgment of homologation is not directly attacked for fraud and collusion, and as this court said in Lessassier *v.* Dishiell, 17 An. 205: "No evidence has been adduced to show that the amount in favor of the minor liquidated by judgment against the tutor, was not really due; said judgment is not attacked as fraudulent and collusive, and it is *prima facie* evidence that the sum, the payment of which is secured by legal mortgage, is justly due." See also 1 La. Rep. 379; 8 La. 199.

Notwithstanding this, the minor's claim was abundantly proved on the trial of this case. The interest allowed was *eight* instead of *five* per cent. per annum, to which latter rate, as regards the plaintiff, it must be reduced. (2 An. 885.) The judgment being final against the tutor, the ward has no further action against him in relation to the tutorship, and hence, no question of prescription as to the minor's action against his tutor, can be possibly raised against her.

*Second.*—As to the claim of the wife, the defendant in this suit, against her husband.

Under the pleadings, the onus devolved upon her to show that the judgment separating her in property from her husband, and fixing her paraphernal claims, was correctly rendered; that the money claimed by her was paid into his hands, or that he otherwise disposed of the same for his individual interest. 1 Hen. page 588, C. C. 2367, 11 La. 558, 6 Rob. 36, 18 An. 105, 10 Rob 154. This she has proved satisfactorily.

The amount of her judgment against her husband is therein stated to be fifty-six thousand two hundred and forty-one dollars and thirty-three cents, the whole of which amount came into his hands; but only forty-eight thousand four hundred and fifty-nine dollars of the amount was received by him previous to his appointment as tutor of the plaintiff. Of this last amount, fourteen thousand eight hundred and ninety-two dollars and forty cents is admitted to be a correct charge, and it is proved that the wife's inheritance from her mother's succession, say seventeen thousand eight hundred and seventy-nine dollars and forty-four cents, and also fifteen thousand six hundred and eighty-eight dollars and sixty-four cents, her distributive share of her father's crops, divided from time to time among his children, came into her husband's hands. This is principally proved by the defendant's brother, who from his relationship to the defendant and his proximity to, and constant social intercourse with her, was in a situation to know all the facts to which he testifies. Most of the sums paid to the husband, at different periods, exceeded five hundred dollars, but the testimony of this witness alone is sufficient to establish these payments (M. R. 393; 14 La. 346; 2 An. 536; 8 An. 308), although there is other testimony beside in the record.

For the sum of forty-eight thousand and fifty-nine dollars and fifty-four cents, received by her husband previous to the 19th December, 1856, the defendant Mrs. Hebert, has a legal mortgage against him on his immovable property, superior and higher in rank to that of the plaintiff, Mrs. Breaux, and this prior mortgage must be first satisfied out of the proceeds of said immovable property. 1 Hen. page 947; 6 La. 26; 5 Rob. 349; 4 An. 569; 2 An. 776.

On the first of February, 1866, in virtue of writs of *fi. fa.*, issued on the two judgments in favor of the plaintiff and defendant respectively, considerable property, movable and immovable, was seized by the sheriff. Among the property thus seized, were three promissory notes, drawn by Tessier and Dubuclet, one for $2,500, another for $2,500, and the last for $4,000, all bearing 8 per cent. interest. After the seizure, and before any further progress had been made in regard to it, the parties to this suit, by their respective counsel, entered into the following agreement:

"Whereas, Michel Hebert and Eugenie Mille, wife of Joseph A. Breaux, hold certain notes drawn by John Chastant and Alice Chastant, and secured by mortgage; and whereas, it is desirable to foreclose the mortgage on same immediately; and whereas, a *projet* for the compromise of the matter of Mrs. Eugenie Mille, wife of Joseph A. Breaux, is on foot: Now, in order to effect such purposes, if possible, it is agreed that neither of us will issue execution in either of said cases, to seize the interest of Michel Hebert in said notes, without giving due notice to the other, and without permitting the other to lay his execution upon same simultaneously if she sees fit; and it is agreed, that the sheriff of the parish of Iberville, shall postpone the sale of the property seized under the writs issued, until further notice from both parties, or until the *projet* for a compromise shall be definitely settled."

In view of this agreement, the Chastant notes, which were in possession of Michel Hebert, were delivered up to the plaintiff's counsel for the purpose of putting them in suit, which was done, the petition being signed by the attorneys of both parties.

The contract alluded to, by which the Chastant notes came under the control of the plaintiff, who by the steps she took in regard to them ratified it (if ratification was necessary—2 La. 140) was evidently passed in mutual confidence and good faith, and. should have been observed in a spirit of fairness. It was a law the parties made to themselves, and neither party can be permitted to violate it. Art. 1895 and 1897 C. C. It was distinctly understood that neither of the parties to it was to issue executions on her judgment to seize the interest of Michel Hebert in the Chastant notes without giving due notice to the other, and without permitting the other to lay her execution upon same simultaneously if she sees fit. And yet, in total disregard of this agreement in relation to the Chastant notes, the plaintiff's counsel, under the direction of his client, suddenly takes out writs of *fi. fa.*, under the two judgments in favor of the plaintiff and defendant, both writs addressed to the sheriff of the parish of Point Coupee, the residence of Chastant, and proceeds

to execute the writ in favor of the plaintiff, returning into court the defendant's writ, unexecuted. It is true, the plaintiff's counsel notified the counsel of the defendant that under instructions from his client, he would disregard the understanding or agreement of the twenty-sixth March, and would proceed in the most speedy manner to execute his (her) judgment without regard to that of Mrs. Hebert. Further, that his client had declined the propositions for compromise and they were at an end, and that he returned Mrs. Hebert's writ.

Notwithstanding due diligence on the part of the defendant, it was impossible for her to make a levy simultaneously with that made by the plaintiff upon the Chastant notes, and this was the result of the breach of contract on the part of the plaintiff, who cannot be permitted to profit by her illegal act. Art. 1940 §2 C. C.

Justice and equity require that the defendant be placed in regard to the Chastant notes in the exact position she would have occupied in relation to them had the contract been faithfully adhered to by the plaintiff. As the defendant is legally entitled to have her judgment satisfied by priority and preference over the plaintiff out of the proceeds of Michel Hebert's immovable property, it is contended for her, that the Chastant and Vessier and Dubuclet notes, secured by mortgage, fall in the class of immovables, and that she can claim the proceeds thereof to be applied by preference to her claim. This position is untenable, as by articles 466, 3250 and 3256 of the Civil Code, obligations accompanied with a mortgage are classed as movables. Marcade on this question says:

"L'hypotheque n'est peont un demimbrement de la propuite de l'immouble, un orai *jus in re* sur cette immouble; c'est un semple *jus ad rem ad pecuniam*, comme la crienne contre la personne; cur, ce n'est veen autre chose que cette creame elle meme on tuut qu 'elle execue contre l'immouble. Tome 2, p. —.

The simultaneous seizure of the property of Michel Hebert in the parish of Iberville, under the two writs, conferred upon each seizing creditor a proportionate privilege upon the movables so seized. Art. 722, 723, C. P., which each seizing creditor could have claimed, so long as her seizure was not released by her. Acts of 1855 page 253 No. 119.

It was not released by the agreement of twenty-sixth March, but that of Mrs. Hebert was by her own act released. Not so that of Mrs. Breaux, who under her seizure caused the Vessier and Dubuclet notes to be sold at sheriff's sale and purchased them herself. Her title to these notes so acquired, was a better one than that which Mrs. Hebert derived from a sale made to her by her husband in part satisfaction of her judgment, whilst the notes were under seizure in the hands of the sheriff, and plaintiff, Mrs. Breaux, is entitled to the proceeds of these notes to be credited upon her execution.

All the questions raised by the pleadings in this case, are thus disposed of.

There are in the record several bills of exception, which as our attention is not directed to them, we have not noticed. 16 An. 86; 14 An. 721.

Considering the reasons above set forth and the law and the evidence, it is, therefore, hereby ordered, adjudged and decreed, that the judgment in favor of Eugenie Mille, wife of Joseph Breaux against her former tutor, Michel Hebert, for the amount therein mentioned, with legal interest and legal mortgage on all his immovable property from the nineteenth December, 1856, the date of his appointment as her tutor, be and it is hereby recognized as valid and of full force and effect in law.

It is further ordered, that the judgment in separation of property obtained by Mrs. Clarisse Hebert against her husband, with her legal mortgage, anterior in date to, and higher in rank than that of Mrs. Clarisse Breaux, but only so far as the amount of forty-eight thousand four hundred and fifty-nine dollars, be and the same is hereby recognized as valid and of full force and effect in law.

It is further ordered, that the title of the plaintiff, Mrs. Breaux, to the Vessier and Dubuclet notes, be and it is hereby declared valid, and that the proceeds of the sheriff's sale thereof, be applied *pro tanto* to the extinguishment of her claim against her tutor.

It is further ordered, that all the proceeds of the immovable property of Michel Hebert, seized and advertised to be sold by the sheriff, when sold, or if already sold, be and the same be first applied to the payment of the legal mortgage in favor of the defendant by preference over the legal mortgage of the plaintiff, Mrs. Breaux.

It is further ordered, that the sheriff of the parish of Pointe Coupee, do, on his making his return to the District Court of Iberville under the writ of *fi. fa.* issued therefrom, pay the proceeds of sale of the Chastant notes into the said District Court, and that the same shall be divided ratably between the parties plaintiff and defendant, in proportion to the amounts of their respective judgments against Michel Hebert, in the same manner as if their seizures had been made upon the notes simultaneously according to their agreement.

It is further ordered, that the case be remanded to the District Court to apply the proceeds of the property of Michel Hebert, now subject to the claims of the parties to this suit, or what may remain due thereon, respectively, in accordance with the rulings of this decree. And it is finally ordered, adjudged and decreed, that so much of the judgment of the District Court as conflicts or is at variance with this decree, be annulled, avoided and reversed; otherwise, that it be, and is hereby affirmed. The costs of the appeal to be paid by the defendant and appellee.

Judge Labauve recused.
Rehearing refused.