————o————

No. 5869.

**FRANK MARFESE vs. MISS MABEL NELSON, ET AL**

**Syllabus.**

1. Under *C. P.*, 287, the liability for costs of the landlord who seizes prior to the rent being due is incurred in the event

only that the rent be subsequently paid promptly at its maturity.

2. Where the transaction wherein one binds himself *in solido* is one in which his co-debtor alone is concerned, the latter is responsible for the whole debt to the former, who under such circumstances is regarded merely as a surety with respect to his co-debtor.

3. A surety who discharges the debt of his principal becomes thereby subrogated to all creditor's rights, privileges and preferences.

4. A judgment is admissible as *prima facie* evidence of the existence of a debt, even in proceedings beween persons who were not parties thereto.

5. A landlord's acquisition of the mere right of occupancy of the premises for the unexpired term of the lease, does not extinguish the lease by confusion.

6. The property of a third person seized upon the leased premises at the suit of the landlord cannot be applied to the payment of the rent, if the property of the lessee, which has likewise been seized, is sufficient in value for that purpose.

Appeal from the Civil District Court for the Parish of Oleans, Division "C," No. 102,937. Hon. E. K. Skinner, Judge.

Zengle, Thomas, Southon & Loomis, for plaintiff and appellee.

Merrick, Lewis, Gensler & Schwartz, C. Rosen, attorneys.

Dinkelspiel, Hart & Davey, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

This is a contest between plaintiff who, as landlord seized and sold the furniture and other property contained

in the leased premises, and sundry third opponents claiming vendor's liens upon the property sold.

The opponents first contend that plaintiff should be taxed with the costs of the seizure under C. P., 287, which provides that where, as in this case, a lessor seizes before the rent is due, he "shall be liable for the costs of seizure in case the rent is paid when it falls due." Even should it be conceded that this provision applies where the landlord secures payment by means of a seizure and forced sale of the tenant's property, the fact remains that the rent was not paid when it fell due, for no sale was had and no fund thereby realized attributable to the payment of rent until after the rent became in fact deliquent.

They likewise claim that, inasmuch as one Anderson, as surety on the lease, was bound **in solido** with defendant for the rent, plaintiff should have exhausted his remedy against Anderson, who is solvent, before proceeding to their prejudice against the property on which their privilege rests.

There is no merit in the contention. The affair for which Anderson bound himself **in solido** being one in which his co-debtor alone, the tenant, was concerned, the latter would be liable for the whole to Anderson, who under such circumstances is considered merely as a surety with respect to his co-debtor.

R. C., 2106; Smith Bros. vs. Railroad, 109 La., 782.

Should Anderson be compelled by the landlord to pay the debt he would of right be subrogated to all of the lessor's privileges and rights of preference with respect to the fund in controversy. R. C. C., 3053; consequently, the opponents cannot complain of plaintiff's failure to proceed against Anderson, for they would gain nothing by doing so.

— 290 —

It is likewise contended that the landlord, as mover in rule to distribute the proceeds of the sale, has failed to establish, as against opponents, defendants in rule, his claim for rent and the privilege securing same. The record shows that on the trial of the rule the landlord introduced in evidence, over the objection of res inter alios acta interposel by opponents, the record in the main proceeding and the final judgment therein, recognizing his claim for rent as well as his privilege and right of pledge upon the tenant's property. The objection to this evidence was properly overruled. While such a judgment may not in all cases be binding upon opponents, it was certainly admissible in evidence as furnishing at least prima facie proof of the existence of the claim and privilege asserted.

> Judson vs. Connolly, 5 A., 401, citing, 4 An., 135 and 1 La., 379, 8 N. S., 403-459.

One of the opponents, pending the landlord's seizure of the tangible effects, seized and sold under execution the "right of occupancy" of the premises for the unexpired term of the lease; and the landlord having become the adjudicatee of this right, it is urged that the lease was thereupon extinguished by confusion, and that consequently the landlord's claim against the proceeds should be restricted to the amount of rent due at the date of such adjudication. The point is not well founded, for the acquisition by a landlord of the mere right of occupancy, as distinguished from the unexpired term of the lease itself, does not by confusion or otherwise extinguish the lease.

> Walker vs. Dohan, 39 An., 743; Villevose vs. Creditors, 48 An., 946.

Among the effects seized by the landlord was an electric piano, the property of William Fick. who, before

the sale, caused it to be released from the seizure upon furnishing bond. It is claimed that as the piano found upon the leased premises was subject to the landlord's privilege, its value should be brought into the distribution and made to share the burden of the landlord's claim, with the result that, after the satisfaction of said claim, the balance remaining for distribution among the opponents would be correspondingly augmented.

But the fact is that the property of the lessee, which was seized and sold, and upon which the opponents claim their vendor's liens, realized at the sale, an amount more than sufficient to satisfy the claim for rent. Consequently, neither the landlord, though he had a privilege upon the piano, nor the opponents, who had no privilege thereon—and the rank of whose privilege in any event is inferior to that of the owner of the piano, could legally subject the piano to the satisfaction of their debts.

**R. C. C., 3260, 3261.**

The respective articles upon which the individual opponents asserted vendor's privilege were separately appraised, and in the distribution the several funds thus arising were awarded to the respective opponents after the claim of the landlord had been ratably deducted and apportioned. One of the opponents likewise recovered in a separate proceeding an additional sum towards the satisfaction of its debts against the tenant. But as its claim, notwithstanding the credits from these two sources, still remains only partially satisfied, we are wholly unable to grasp upon what theory or principle the other opponents now demand that the share of this opponent in the distribution should be reduced by and to the extent of the amount it has recovered in the separate proceeding aforesaid.

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, June 13th, 1913.

Rehearing refused, July 21st, 1913.