————o————

No. 6261.

## HERCULES REALTY COMPANY, LIMITED, vs. STREETLY & CHADWICK, ET AL.

### Syllabus.

1. A judgment, even though confessed, is *prima facie* evidence of the debt and privilege recognized therein.

2. A cause of action cannot be set forth by stating merely a proposition of law, but the' facts, must be stated from which such conclusion of law is drawn.

Appeal from the 'Civil District Court for the Parish of Orleans, Division "D," No. 108,576. Honorable Porter Parker, Judge.

Buck, Walshe & Buck, for plaintiff and appellee.

Dinkelspiel, Hart & Davey, for appellant.

Streetly & 'Chadwick, in propria persona.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The first issue arising in this case cannot be more clearly stated and disposed of than by the following extract taken from our opinion in **Marfese vs. Nelson**, No. 5869 of our docket.

"It is contended that the landlord * * * has failed to establish as against opponents, his claim for rent and the privilege securing same. The record shows that on the trial of the rule the landlord introduced in evidence over the objection **res inter alios acta** interposed by opponents, the record in the main proceedings and the final judgment therein recognizing his claim for rent as well as his privilege and right of pledge upon the tenant's property. The objection to this evidence was properly overruled. While such a judgment may not in all cases be binding upon opponents, it was certainly admissible as evidence as furnishing at least **prima facie** proof of the existence of the claims and privileges asserted."

See also: 5 **An.**, 401; 4 **An.**, 135; 1 **La.**, 379; 8 **N. S.**, 403, 459.

Nor does the fact that the judgment was confessed deprive it of the character and withhold from it the effect of any other final judgment.

Hewit vs. Nolan, 11 An., 101; Greenwood vs. New Orleans, 12 An., 431.

The only other question presented is whether or not the following averments of the rule state a cause of action, and permit the opponents to bring forward proof in support thereof; to-wit: that the relations of landlord and tenant do not exist between plaintiff and defendant "because if any lease was made herein, it was made in violation of a prohibitory law of this State, and is therefore null and void.

As the above states a mere proposition of law without stating any facts whatever from which such conclusion may be drawn, it fails to state a cause of action, and the evidence tendered thereunder was properly excluded.

Seghers vs. Lemattre, 5 An., 263; Sammis vs. Wightman, 12 Sou. Rep., 532 (see Syllabus 7, p. 527).

It is therefore ordered that the judgment appealed from be affirmed.

Judgment affirmed.

Opinion and decree, December 21st, 1914.

Rehearing refused February 1, 1915.

Writ denied, April 13, 1915.