OF THE STATE OF LOUISIANA. 161

MARSHALL *vs.* OVERBAY ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE OF THE EIGHTH PRESIDING.

A married woman is incapable of contracting a new obligation in favor of
a creditor without the consent of her husband, by waiving notice of
demand and protest as endorser, even when she had endorsed the note
before marriage.

This is an action by the plaintiff as assignee of the following
promissory note against the defendant, Overbay, as endorser,
and also, against the maker of said note. The plaintiff
alleges, that Matthew Joyner is liable as the maker, and
that Elizabeth Overbay, (then Elizabeth Boyd,) as endorser,
together with her husband, Henry Overbay, are also liable,
(the said Elizabeth having expressly waived protest and
notice of the non-payment thereof,) wherefore he prays
judgment against said defendants *in solido.*

The defendants pleaded a general denial. Upon these
issues and pleadings the parties went to trial.

The plaintiff offered the following note and letter in
evidence.

"$349 33. July 15th, 1831. On the first day of April
next, 1832, I promise to pay Elizabeth Boyd, or order, the
sum of three hundred and forty-nine dollars and thirty-three
cents, with ten per cent. interest, from the time due until
paid; for value received."

"MATTHEW JOYNER."
(Endorsed) "ELIZABETH BOYD."

"West Feliciana, February, 1832."
"Whereas, I am an endorser on a certain promissory note
of hand, dated on the 15th July, 1831, drawn by Matthew
Joyner, in my favor, and payable on the first day of April,
21

EASTERN DIST.
June, 1836.

MARSHALL
vs.
OVERBAY ET AL.

1832, for the sum of three hundred and forty-nine dollars and thirty-three cents, and bearing ten per cent. interest from that time until paid. I do hereby waive the necessity of a demand, and consider myself as equally bound as though a legal demand and protest had been made."

"ELIZABETH OVERBAY."

Since the endorsement and transfer of the foregoing note, and before the waiver of protest, as above, the defendant was married to Henry Overbay, who is made a defendant with her in this case.

The cause was submitted to a jury, who returned a verdict in favor of the plaintiff. Judgment being rendered thereon, the defendants appealed.

*Boyle* and *Turner*, for the plaintiff, contended that the waiver of the defendant was sufficient to dispense with notice of protest. She was not precluded by any law from doing so.

*Bradford*, contra.

The judgment must be reversed, because there was no protest and notice given to the defendant, as endorser, by which she can be made liable as such.

2. The defendant being a married woman, could not validly waive notice of protest without the authorization of her husband.

*Bullard, J.*, delivered the opinion of the court.

The opinion we have formed upon the merits of this case, according to the evidence in the record, makes it unnecessary for us to decide upon a bill of exceptions to which our attention was called in the argument, relating to the right of the defendant to amend after the trial had commenced.

The defendant, who is a married woman, is sued as endorser of a promissory note. She endorsed the note in question before her marriage, but afterwards, and before its maturity, it is alleged she waived the necessity of a demand,

and agreed to consider herself equally bound as though a legal demand and protest had been made. At the time she gave this consent she was married; and there is no evidence in the record to show that her husband consented to this modification of her original engagement. The defendant, and her husband who was joined in the suit, for answer, put in the general denial; and being comdemned to pay the note by the District Court, appealed.

EASTERN DIST.
June, 1836.

MARSHALL
vs.
OVERBAY ET AL.

The effect of the defendant's waiver of demand and protest, would be to render positive and absolute her obligation to pay the amount of the note, which was at the time of the endorsement contingent and conditional. We cannot distinguish it from the contracting of a new engagement as surety of the drawer. The plaintiff relies wholly upon this new contract, not pretending that any demand was made of the drawer and notice given to the defendant. The only question is, whether she is bound.

The general rule is, that a married woman is incapable of contracting without the consent of her husband. That consent is presumed in some cases; for example, in commercial contracts, where he permits her to trade in her own name, for necessaries for herself and family when he does not himself provide them, and to all other contracts when he is himself a party to them. *Louisiana Code, article* 1779. The present case does not appear to come within these principles; and without showing the consent of the husband, we are of opinion the plaintiff cannot recover. Without proof of the husband's authorization, either express, or as implied in the cases above mentioned, the plaintiff fails to prove any contract which can be enforced in a court of justice against a married woman.

A married woman is incapable of contracting a new obligation in favor of a creditor, without the consent of her husband, by waiving notice of demand and protest, as endorser, even when she had endorsed the note before marriage.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and ours is in favor of the defendants, as in the case of a non-suit, with costs in both courts.