### DIMITRY ET UX. vs. POLLOCK ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The acknowledgment of the husband in the marriage contract, that he is possessed of, and is accountable for the *dot* of the wife, furnishes no proof of payment, so as to authorize her to assert her legal mortgage and recover, as against third possessors and creditors of the husband.

So, a judgment obtained by the wife against her husband, for the recovery of her dowry, will not be received as evidence of her claim against third possessors, when its existence *is denied* and the judgment is averred to have been *obtained by consent* of her husband, and *without proper evidence*. This is an averment of facts, from which fraud and collusion necessarily results.

*Primâ facie* evidence of the wife's claim for her *dot*, is not sufficient to authorize her to proceed against third possessors of the husband's property; for as to them, the proof must be conclusive.

This is an executory action, by the wife of Dimitry, separated in property, but assisted by her husband, against George Pollock, for the seizure and sale of a lot of ground in Condé street, New-Orleans, in virtue of her legal mortgage, for the restitution of her dowry.

She alleges, that in February, 1834, she obtained a judgment of separation of property from her husband, being for

her dotal and paraphernal rights, amounting to twenty-seven thousand dollars, with interest. That she has been unable to make more than three thousand six hundred and seventy dollars on said judgment, leaving twenty-three thousand three hundred and thirty dollars still unpaid; but that she has a legal mortgage, by virtue of this judgment, for the balance due, which attaches to all the property owned by her husband, and particularly on a house and lot situated on the corner of Condé and Hospital streets, now in the possession of George Pollock.

That she has in vain demanded payment of her debtor, more than thirty days before demanding the same from the said Pollock, and that she has made a legal demand on Pollock, ten days before instituting this suit, either to pay the debt or give up said property; all of which he has refused. She, therefore, prays, that after due process of law, the said lot of ground be seized and sold, to satisfy her mortgage debt.

The judge ordered that the property mentioned in the petition, be seized and sold, as the law directs.

The defendant, Pollock, applied for and obtained an injunction against the order of seizure and sale, as having improvidently issued, and which he alleges should be rescinded on the following grounds:

1. That the lot in question was sold at sheriff's sale, in February, 1834, under an order of seizure, at the suit of Gasquet & Co. against Dimitry, grounded on a mortgage, in which the present plaintiff, Mrs Dimitry, renounced her right of mortgage, and that it was adjudicated to John F. Miller, as the highest bidder, in strict compliance with law, and who subsequently sold the same to the petitioner; that on a rule taken on Mrs. Dimitry, to have her mortgage cancelled, she resisted, and urged that she was not bound by her renunciation, and insisted that she had a prior mortgage on Gasquet & Co., and prayed that the proceeds of the sale be paid to her in preference; and on appeal to the Supreme Court, the rule was discharged. Under these circumstances, even if she had a prior mortgage, it could only attach to the proceeds of the sale, and not on the ground or property.

HARVARD LAW SCHOOL LIBRARY

2. The judgment of Mrs. Dimitry, against her husband, on which the order of seizure and sale issued in this case, is no evidence against third possessors or parties. It establishes no prior mortgage for the amount claimed ; and before she can exercise her right of mortgage against this property, she must establish her claim contradictorily with the third possessor ; for this petitioner expressly *denies that she has any claim* against her husband, and that the judgment against him, set up as the basis of this proceeding, *has been obtained by consent and without any proper defence.*

3. The judgment of the Supreme Court relied on, recognizes no such mortgage as is set up in this case.

4. The plaintiff has exhibited no legal evidence of the existence of her mortgage on the lot of ground claimed by her.

5. The plaintiff, in fact, has no mortgage, and the order of seizure and sale should be cancelled ; and that in the meantime an injunction should issue to preserve the rights of the petitioner in the premises.

He further shows, that he purchased the lot in question from John F. Miller, in September, 1835, for the sum of eight thousand dollars in cash, with full warranty, and that said Miller is bound to warrant and defend the premises.

He prays for judgment, annulling and setting aside the order of seizure and sale, and making the injunction perpetual, and quieting him in the possession of the property. That in case the plaintiff's mortgage be declared well founded, then and in that case, he prays judgment over against Miller, in warranty, for eight thousand dollars, with interest and costs.

Miller appeared, and in answer, adopted the defence of his vendee Pollock; but averred, that he purchased said property at sheriff's sale, at the suit of Gasquet & Co. against A. Dimitry, and that said Gasquet & Co. and A. Dimitry are jointly and severally liable to warrant and defend him, against eviction and the claim of the plaintiff. He prays that the order of seizure and sale be annulled, and the suit dismissed ; and that in case of recovery, he prays for a like judgment against his warrantors.

Gasquet & Co., for answer, adopt the defence set up by Pollock and Miller, and especially deny that the plaintiff had any mortgage, or if she had, it was extinguished by her own voluntary renunciation.

In answer to the call in warranty, these respondents denied generally and especially, that they were liable either jointly or severally in warranty to Miller, under the laws of Louisiana. They pray that the order of seizure be annulled and set aside, that plaintiff's suit be dismissed, that they be dismissed from the call in warranty by J. F. Miller, and have judgment, declaring that he has no legal demand on them in consequence of said mortgaged claim of the plaintiff.

Upon these pleadings and issues the case was tried.

The parties produced their respective titles to this property in evidence. Pollock introduced the record and proceedings of the suit of Gasquet & Co. *vs.* A. Dimitry, and the act of sale from Miller to him, also the sheriff's sale to Miller. It was admitted that Gasquet & Co. received the proceeds of this sale. The evidence further showed, that Dimitry and wife were married in 1803 ; that she brought in marriage seven thousand dollars, as appears by notarial act recorded in the office of Pedesclaux.

On the 26th of November, 1832, A. Dimitry, the husband, mortgaged the property now in the possession of the defendant, to Paul Zoits, to secure the payment of two notes of three thousand one hundred and twenty dollars each. Zoits transferred the mortgage and notes to Gasquet & Co. in December, 1833 ; Madame Dimitry intervened in this mortgage, and renounced all her right of mortgage for her dotal and paraphernal rights in favor of the mortgagee.

On the 22d February, 1834, she instituted suit for a separation of property from her husband, and obtained judgment for twenty-seven thousand dollars, which judgment was duly recorded in the mortgage office.

In the meantime, on the 10th December, 1833, Gasquet & Co., obtained an order of seizure and sale, against the property in question, and it was sold the 5th February, 1834,

EASTERN DIST. *May*, 1838.

DIMITRY ET UX. *vs.* POLLOCK ET AL.

and J. F. Miller became the purchaser, for the price of six thousand nine hundred and thirty dollars, for which he gave his notes at six and twelve months, and paid them at maturity to Gasquet & Co.

On the 4th June, 1834, Gasquet & Co. took a rule on Dimitry's mortgagees, to show cause why their mortgages should not be cancelled. Madame Dimitry appeared ; made opposition to the rule, and asked to have the proceeds of the property in question paid to her. This opposition was overruled and an appeal taken. In the Supreme Court, the judgment overruling the opposition, was reversed, and her mortgage recognized to be in full force, notwithstanding her renunciation. See 9 *Louisiana Reports*, 585.

This decree was not made final until the 6th June, 1836. On the 27th March, 1835, an act of the legislature was passed, authorizing married women to renounce their right of mortgage, for the restitution of their dotal and paraphernal rights ; and of fixing a limitation of forty days from and after passing the act, within which time a married woman having made her renunciation, might retract it.

On the 2d September, 1834, Miller sold this property to Pollock, for the sum of eight thousand dollars.

On the 8th December, 1836, Mrs. Dimitry instituted this suit, by the executory proceeding against the property in the hands of Pollock, as third possessor, under the judgment of separation of property, and the mortgage it contained.

The district judge was of opinion, the plaintiff, Mrs. Dimitry, had shown a mortgage existing on the property in contest, for the sum of three thousand three hundred and thirty dollars, growing out of her said judgment. Judgment was rendered in her favor for this sum, and that if Pollock refused to pay it, the property should be sold, and he recover eight thousand dollars from Miller, or in the first case only the sum he might have to pay ; that Miller recover of Dimitry, the purchase money, interest and costs, at the sheriff's sale, but pay Gasquet & Co. the costs incurred in making them parties, and that there be judgment in favor of Gasquet & Co.

From this judgment, the defendants, Pollock & Miller, both appealed.

*Canon*, for the plaintiff, insisted, there was error in the judgment appealed from, in relation to the appellee. She should have been allowed to proceed against the property, for the amount of her entire claim ; and in this respect the judgment is prayed to be amended.

2. The judgment upon which the executory proceeding in this case is founded, imports a mortgage, and was final, and formed *res judicata* as to all concerned. It was, therefore, conclusive evidence and proof of the plaintiff's claim.

*Roselius*, for the appellants, contended, that the judgment of the plaintiff, set up as the basis of this suit, was not evidence of her claim, as against third persons, who were no parties to it. The acknowledgment of the husband in a marriage contract, or a notarial act that he has received dotal or paraphernal effects, is no proof, and is not binding on third persons.

2. The plaintiff has no right to come on the property, even if she has a mortgage, because she was a party to the suit of Gasquet & Co. against Dimitry and others, and ought to have claimed the proceeds of the sale. But the property being sold the purchaser must take it free from all incumbrance. The mortgagee cannot prevent the sale of the mortgaged premises, by another creditor of the mortgagor, but may insist on being paid in preference, out of the proceeds of the sale. *Alexander* vs. *Jacobs et al.* 5 *Martin*, 632.

*Wharton*, for Gasquet & Co., called in warranty by Miller, contended, that no liability attached to them in warranty. The property was sold under their mortgage, and according to the spirit and provisions of laws enacted on this subject, the price paid by the purchaser is over and above existing mortgages on the property. *Code of Practice, articles* 683, '4, 706, 718.

2. The cash paid by Miller, may be considered a sum above existing mortgages. The purchaser is entitled to retain in his hands the amount required to satisfy previous mortgages and privileges; consequently, Miller is *presumed to have retained in his hands* the amount of Mrs. Dimitry's mortgage. *Code of Practice*, 683.

3. No recourse against a suing creditor is allowed to a purchaser at sheriff's sale, when he is obliged to quit the property sold to him on the hypothecary action of a creditor, who has a legal or judicial mortgage on all of the property of the debtor. *Code of Practice, article* 713. *Louisiana Code*, 3373.

4. No injustice is done to Miller by these provisions of law; he could have protected himself from their effect. *Code of Practice,* 710.

*Martin, J.,* delivered the opinion of the court.

The wife of Dimitry seeking to avail herself of her legal mortgage in order to satisfy a judgment which she had obtained against her husband, instituted a hypothecary action against the defendant, who was in possession of a lot of ground, affected by her mortgage.

The defendant obtained an injunction, which was dissolved; and he had judgment against Miller, his vendor, called in warranty; Miller had judgment against Dimitry; and judgment was given against Miller, in favor of Gasquet & Co., whom he had called in warranty. Pollock and Miller appealed.

The defendant obtained his injunction on several allegations, one of which only is necessary to be considered, viz: that the judgment of Mrs. Dimitry against her husband, is the only evidence offered by her of the nature and extent of her claim, and which the defendants contend is no legal evidence against third persons. The district judge overruled the objection, on the ground, that he knew of no case which goes so far as to decide that a judgment is not evidence of such a debt; but admitted, that if it had been shown that

the judgment had been based wholly and solely on the confessions of the husband, it would have been no evidence of a debt from the husband to the wife; and urged, that until this fact or *fraud* was shown, the judgment is *primâ facie* evidence of debt, even against third persons; and the mere circumstance of denying in the answer the consideration of the judgment, will not put the creditor on the proof of it.

The defendant's petition for the injunction alleges, that before the wife can exercise any right of mortgage on the premises, she must establish her claim contradictorily with the petitioner. The petition expressly denies the claim, and alleges that the judgment was obtained by consent, and without any proper defence.

The counsel of the appellants relies on the case of Buisson *vs.* Thompson et al., 7 Martin, N. S., 460, which decides that the acknowledgment of the husband in the marriage contract, notarial acts, etc., furnishes no proof of payment of the *dot* as against creditors, a position which the judge of the District Court acknowledges to be perfectly true. The petition, in our opinion, alleges sufficient facts to repel the wife's claim against the property of the defendant. It expressly denies the existence of the claim, and avers that judgment was obtained by the consent of the husband, and without any proper defence. It is true, that the words fraud and collusion are not to be found in the petition; but it avers facts, from which fraud and collusion necessarily result; for if the wife had no claim, and obtained judgment by consent of the husband, or without any proper defence on his part, and she seeks to enforce it on the defendant's property, the defendant may properly urge that she acts fraudulently, and produces the consent of her husband, and the absence of a proper defence, as evidence of collusion.

In the case cited, we are of opinion, that *primâ facie* evidence of the claim of the wife is not sufficient to authorize her to proceed against third persons; that as to them, the proof must be *conclusive.* We did so on the authority of Febrero, who says, " *es indispensable que las pruebas sean concluyentes.*"

*Eastern Dist.*
*May*, 1838.

DIMITRY ET UX.
*vs.*
POLLOCK ET AL.

The acknowledgment of the husband in the marriage contract, that he is possessed of and is accountable for the *dot* of the wife, furnishes no proof of payment, so as to authorize her to assert her legal mortgage, and recover as against third possessors, and creditors of the husband.

So, a judgment obtained by the wife against her husband, for the recovery of her dowry, will not be received as evidence of her claim against third possessors, when its existence *is denied* and the judgment is averred to have been obtained by consent of her husband, and without proper evidence. This is an averment of facts from which fraud and collusion necessarily result.

Indeed, in many instances, third persons may be relieved against the claim of the wife, in cases in which there is neither fraud nor collusion. Donations to the intended wife, are often made (in a marriage contract) by the husband, who acknowledges the receipt of a sum of money from her or her friends. This is in many cases very innocently done. Donations thus made, are binding on him and his heirs, but not so on his creditors. Even when this is done with a fraudulent intention, the marriage contract supports the wife's claim against him, and he can by no means prevent her obtaining judgment thereon. When this is innocently done, the case presents one in which, although there be neither fraud nor collusion, third parties may resist the execution of the judgment obtained by the wife, when injurious to their rights. We conclude that the claim of the wife being expressly denied by the defendant, and it being alleged that she obtained her judgment by the consent of her husband, or his neglect to urge the proper pleas, the District Court ought to have required her to establish her demand contradictorily with the defendant, and in the language of this court, in the case of *Buisson* vs. *Thompson*, by *conclusive* proof, and the District Court erred in being satisfied with the *primâ facie* evidence, resulting from the judgment against her husband. Justice, therefore, requires, that the case should be remanded to afford her the opportunity of producing the requisite proof.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, as well with regard to the defendant as the other parties, be annulled, avoided and reversed, the injunction reinstated, and the case remanded for further proceedings, according to law, the plaintiff and appellee paying costs of the appeal.