ELIZABETH OLIVER *v.* FRANCIS OLIVER, her Husband.

*Prima facie* evidence of the claims of the wife is not sufficient to authorize her to obtain a judgment against her husband, when those claims are to be settled and liquidated contradictorily with the creditors of the husband, or third persons, as to whom the proof must be conclusive. She must show that money alleged to have been received by him, was paid into his hands, or converted to his individual use. C. C. 2367.

APPEAL from the District Court of Rapides, *King*, J. Benjamin Story, who had intervened in this case, is appellant from a judgment in favor of the plaintiff for the reimbursement of certain sums alleged to have been received by the defendant, as her paraphernal property, recognizing her legal mortgage therefor on all the immoveables and slaves of the husband; and authorizing

Oliver v. Her Husband.

her to administer her property separately. The defendant admitted the receipt of the money.

*Brewer*, for the plaintiff.

*Brent* and *O. N. Ogden*, for the appellant. No counsel appeared for the defendant.

SIMON, J. This is an appeal, taken by one of the defendant's creditors, from a judgment rendered in favor of the plaintiff against her husband, for certain sums of money, alleged to have been received by the defendant, as the paraphernal funds of his wife. The appellant intervened in this suit, for the purpose of making opposition to the claims set up by the plaintiff. His opposition contains allegations of fraud and collusion.

1st. The only evidence adduced by the plaintiff in support of her claims, consists : 1st. In an act of partition, executed on the 12th of January, 1835, in which it is recited that, " the heirs of Wm. Ogden, deceased, desirous to make a provisional partition, of so much of the funds and debts of said estate, as can at this time be divided, agree that a provisional partition · be made among them, of forty thousand dollars, &c. and out of which plaintiff is entitled to receive $2500, &c." This act does not say, that the several sums of money therein mentioned, were paid to the heirs ; nor does it show that the defendant received the amount coming to his wife. 2d. In an act of sale, made by the husband and wife, on the 18th of September, 1833, of certain property said to belong to the plaintiff, as her paraphernal property ; which was sold for the sum of $1900, which is stated in the deed " to have been paid in hand, by the vendee to the said Oliver and wife, the receipt whereof is hereby acknowledged." This is the only proof of the husband's having received this sum.

The appellant has contended, that this evidence is insufficient to establish the fact of the money's having been received by the defendant in the right of his wife ; and that it is necessary, in order to entitle her to recover, that she should prove that the money has really been counted to the husband, at the periods from which her legal mortgage is to take effect.

This court has several times had occasion to recognize the rule, that *prima facie* evidence of the claims of the wife, is not sufficient to authorize her to obtain judgment thereon against her

husband, when her claims are to be settled and liquidated contradictorily with the husband's creditors, or third persons; and that as to them, the proof must be conclusive. 7 Mart. N. S. 406. 1 La. 373, and 12 La. 303. Now, in this case, the act of partition only goes to show, that the sum coming to the plaintiff amounted to $2500. This was the result of the division of the money; but it does not include the idea that the husband received the share of his wife, as established by the act. This fact should have been shown by other and more conclusive evidence. As to the sum of $1900, recited in the deed of sale, to have been paid jointly to the husband and wife, as the proceeds of her paraphernalia, we are not ready to say, that the recital in the deed, should be taken as sufficient evidence of the receipt of the whole amount by the husband; and it seems to us that, according to our decision in 11 La. 558, she should have shown that the sum received has been put in her husband's hands, or was converted to his individual use. This is positively required by art. 2367 of the Civil Code, which grants a legal mortgage in favor of the wife, on the property of her husband, for the reimbursing of the proceeds of the sale of her paraphernal effects, only when it is shown that the husband has received the amount thereof, or has otherwise disposed of the same for his individual interest. This fact was not established by the evidence under consideration.

We think, however, that, as the plaintiff, under the opinion of the lower court, may have thought it unnecessary to adduce other proof of her rights and claims, she should not be precluded from producing any further evidence which it may be in her power to offer, according to the principles above recognized; and that justice requires this case should be remanded for further proceedings.

It is, therefore, ordered that the judgment of the District Court be annulled, and reversed, and that this case be remanded for further proceedings according to law; the plaintiff and appellee paying the costs of the appeal.