# SUPREME COURT OF LOUISIANA,

IN THE

### WESTERN DISTRICT, AT OPELOUSAS,
### SEPTEMBER, 1845.

---

PRESENT:

Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

---

### Marie Louise Broussard v. Valery Broussard, Her Husband, and others.

Though the general rule established by the Civil Code is, that purchases made during the marriage by either spouse, belong to the community, in whosesoever name made, yet a wife may acquire separate property by the *bona fide* reinvestment of her paraphernal funds, of which her husband never had the administration, or by a *dation en payement* in consideration of a separate and paraphernal claim.

A judgment in a suit for a separation of property will not be conclusive against the wife's right to property, not mentioned as her separate property in the judgment of separation, in a contest with the creditors of the husband, especially with such as became so before the judgment was rendered.

APPEAL from the District Court of Lafayette, *Boyce*, J.

BULLARD, J. The only question which this case presents is, whether the slave Josephine and her increase belong to the community lately existing between Marie Louise Broussard and Valery Broussard, her husband, or whether they are the sepa-

rate property of the wife, who is separated of property from him. This question arises between the wife and a creditor of the husband who had caused a writ of *fieri facias* to be levied upon the slaves, as the property of the community, and was arrested in this proceeding, by injunction. The injunction was dissolved, and the wife appealed.

The evidence shows that Josephine had belonged to a former community existing between the appellant and her first husband Thibodeaux. That she had been purchased by Caruthers, who married one of the heirs, and that, after the second marriage, he had sold her to the appellant, with the consent of her husband, for the price of $540, as expressed in the act of sale. It appears that the same amount was due by Caruthers, for the price of the slave, and that suit had been brought by the plaintiff, for herself, and as tutrix of her minor child, the heir of Thibodeaux, her first husband, to recover that amount, with interest. It further appears that when the plaintiff sued for a separation, she claimed the same slaves, and the judgment as first drawn up embraced them, but they were struck out by the judge before signing the judgment.

It is contended by the plaintiff's counsel, that Josephine became her separate paraphernal property, in virtue of the purchase in her own name, with the consent of her husband, and with her own funds, it being evident that the sum acknowledged to have been paid as her price, was in fact due by Caruthers, for his purchase of the same slave. If the record furnished satisfactory evidence of this fact, we should find it difficult to distinguish between this case and that of *Dominguez* v. *Lee*, in the 17 La. p. 295, and in other cases more recently decided, in which we held, that although the general rule established by the Code is, that purchases made during marriage, by either of the spouses, belong to the community, in whosesoever name they may have been made, yet that a wife might acquire separate property by the *bona fide* reinvestment of her paraphernal funds, of which her husband never had the administration, or by a *dation en payement* in consideration of such a claim. The identity of the sum due by Caruthers for the price of Josephine, and the price set forth in the sale from him to the plaintiff, of the same

slave, renders it somewhat probable that the sale was in truth intended only as a retrocession. But we find no proof in the record that Caruthers has been released from the payment of that sum.

Under these cirsumstances we have thought that justice requires that the case should be remanded for a new trial, and to enable the parties to furnish any further evidence in their power; not being satisfied that the judgment in the case of the plaintiff against her husband, in which the slave was omitted, is conclusive against her, as it relates to creditors of the husband, especially such as became so before that judgment was rendered.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, that the injunction be reinstated, and that the case be remanded for a new trial, the appellee paying the costs of this appeal.

*Crow* and *Porter*, for the appellant.

*Neveu* and *Voorhies*, for the defendants.