## BASIL C. CROW and another *v.* MARTHA YOCOM.

A note executed by a married woman, without the authorisation of her husband or of the judge, for the fees of counsel, employed by her to institute a suit against her husband for a separation of property, is not binding on her. C. C. 123, 127, 129, 1775, 1779. The order of the judge, authorising her to sue, cannot be considered as empowering her to contract with any one with reference to the suit. But where a suit for separation has been actually brought, the attorneys employed by her may sue, on a *quantum meruit,* for the value of their services.

APPEAL from the District Court of Lafayette, *King,* J.

SIMON, J. The plaintiffs seek to recover the sum of $500, which, they allege, is the amount of a note executed in their favor, by the defendant, for the consideration therein stated, to wit, for their professional services rendered to her in recovering her property. They state themselves to be partners in the practice of the law, under the style of Crow & Porter.

The defendant resists their claim, on the allegations that the note sued on was given for a consideration entirely different from that which is expressed on the face of the note; that the plaintiffs were to represent and defend the interests of her late husband in a suit then pending against him in the District Court of the parish of Lafayette, but that they failed to comply with the condition of said note; that, owing to their negligence and mismanagement, the suit was decided against her late husband, and he was condemned to pay a large sum of money, &c., in consequence of which she has sustained damages to the amount of $1000, which she pleads in reconvention. She further sets up that, at the time of the execution of the note sued on, she was a married woman, and that the same was executed without the authority or consent of her husband.

The plaintiffs had judgment in the lower court for the amount sued for, and the defendant appealed.

The record establishes that the plaintiffs, who are attorneys and counsellors at law, practising their profession in partnership, were employed by the defendant to institute a suit, in her name, for a separation of property against her husband. Said suit was instituted on the 8th of July, 1842, after having ob-

Crow and another v. Yocom.

tained the judge's order to authorise the wife to institute it on the day before; and the note sued on is dated 4th of July, 1842. So far then, said note would appear to have been made in contemplation of said suit, which was subsequently carried to final judgment in favor of the plaintiffs' client. But the note sued on was executed by the defendant without the consent or authorisation of her husband, or of the judge, and the first question which occurs is, can the plaintiffs recover on said note?

This action is not brought on a *quantum meruit*, but is based upon a special contract, alleged to have been entered into by the defendant for the purpose of procuring the plaintiffs' services, and evidenced by the note sued on. At the time it was made the defendant was a *feme covert*, and could not, in any manner, contract without the authorisation of her husband, or that of the judge. Civil Code, arts. 123, 127, 129, 1775, 1779. 10 La. 161. 12 Ibid. 13. 3 Rob. 329. It is true the order of the judge was subsequently obtained, by which she was authorised to prosecute her action, but such order, special in its effect, even if it had been given before the date of the note, cannot extend to authorising her to contract with any one in view of the suit which she intended to bring, nor for any other purpose; and if she wished to make any such contract, it was necessary that, as under the then existing circumstances she could not perhaps have obtained the consent of her husband, against whom the suit was to be brought, she should apply to the judge, who, after having been made acquainted with its object and propriety, would have been enabled to authorise her to execute the contract in contemplation. As the case stands, we cannot give any effect to the contract declared upon in the petition. It is illegal, and not binding upon the defendant.

This view of the case precludes the necessity of inquiring into the consideration of the note sued on, and into the matters pleaded by the defendant in avoidance of the plaintiffs' demand; but we think the right of the latter to their action on a *quantum meruit* against said defendant for the value of their services, as her attorneys, should be reserved.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that ours be for

the defendant, with costs in both courts, reserving to the plaintiffs their right to institute their action against the defendant on a *quantum meruit,* if they think proper, for the recovery of the value of their professional services.

*Crow* and *Porter,* for the plaintiffs.

*Hallam,* for the appellant.