ALPHEUS L. TUCKER *v.* THEODULE CARLIN & WIFE.

The fees of counsel employed by the wife to prosecute a suit for a divorce and a partition of the community property, must be paid by her out of her separate estate ; the community cannot be held liable for them.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies, J.*
*R. N. McMillan,* for plaintiff.  *J. G. Olivier* and *H. Gibbon,* for defendant and appellant.

MERRICK, C. J.  This is a suit instituted by the plaintiff to recover the sum of one thousand dollars for counsel fees and professional services rendered by the plaintiff to the defendant, *Henrietta Trowbridge,* wife of defendant, *Carlin,* in the prosecution of a suit against her husband for divorce, the custody of the children, and a partition of the effects of the community, and services in the defence of a suit for a divorce brought by *Carlin* against his wife.  See case of *Trowbridge* v. *Carlin,* 12 An. 882.

There was judgment in the District Court against the defendants *jointly.*

*Carlin* alone appeals.

The value of the services are not questioned.  The appellant, however, contends, that as these services were rendered the wife alone, they ought to be paid out of her separate estate, and not out of the community.

On the other hand, it is contended that the debt was contracted during the existence of the community, and is, therefore, a debt of the community.  His counsel cites Art 2372 of the Civil Code, which declares that " the debts contracted during the marriage enter into the partnership or community of gains. and must be acquitted out of the common fund, whilst the debts of both husband and wife anterior to the marriage must be acquitted out of their own personal and individual effects."  This Article, taken literally, and without reference to other provisions of law, is certainly sufficiently broad to maintain plaintiff's demand ; but, after a careful consideration of the subject, we are induced to think that the defendant cannot be held responsible for this debt.

The husband is the head and master of the community, and is bound for the debts of the community, not only to the extent of its effects, but to the extent of his separate estate and entire fortune.  Being the head and master of the community, and rigorously bound as above, the law has given him absolute control over the debts and contracts of the community, and no man can pretend to a debt against the community, or even against the separate estate of the wife, in virtue of *a contract,* without his consent.  *Crow et al.* v. *Slocomb,* 11 Rob. 506.  It is not pretended, that any such assent has been given in this instance, and if the plaintiff is entitled to recover, it is *not* in virtue of an express contract.  If, therefore, plaintiff can recover of the community, it is by reason of a *quasi* contract, and the benefit which the community has derived from his services.  C. C. 2272 and 2273.

*Mrs. Carlin,* it must be observed, does not apppeal.  Then let us consider whether plaintiff can recover under a *quasi* contract.  If so, he has managed the business of the community as a *negotiorum gestor,* or done something which has been of advantage to it.  It was not the first, for he was acting expressly in

another capacity, that of attorney and counsellor at law, and directly against the wishes of the head of the community. When he brought the suit for a partition of the community and a divorce, he was not benefiting the community, but on the contrary, he was endeavoring to injure it, by putting an end to the same. How, therefore, can it be said, that he has benefited the community, and is, therefore, entitled to compensation out of it?

TUCKER
v.
CARLIN.

There are many debts which the wife is obliged to pay out of her separate estate, although made after the existence of the community. Such are cases where improvements are made upon the separate property administered by her, or where she has committed a tort, for which she is liable. 8 'An. 34. The *spirit*, therefore, of Article 2372 governs, and separate debts contracted after the marriage, are paid in the same manner as those contracted before the marriage.

Again : the fees of the attorneys may be assimilated to the costs in this class of cases, which, where the wife failed in her action, are generally decreed against her and not against the community. 11 Rob. 445 ; 1 An. 315 ; 5 An. 33 ; 6 An. 262 ; ibid, 403 ; 9 An. 283 ; 6 Rob. 38 ; 6 Rob. 135, &c.

If she can be made responsible for the costs, in like manner, she may be responsible for the services of her attorneys, rendered without contract. For the one is a debt contracted during the existence of the community, as well as the other.

Again : no man ought to be held responsible for the acts of another done to his prejudice and against his will. Thus it is held in regard to the *negotiorum gestor*, that the latter must have intended to act in the interest of and to manage the affairs of another and not his own, and the management must have been useful at the time. Mackeldey, p. 238, No. 499, Brussels ed. 1846.

Now, as the wife may repudiate the community at its dissolution, and thus leave its debts and its burdens to be borne and discharged by the husband and his heirs, she ought not to have it in her power to increase the liabilities of the same.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed as to said defendant, *P. C. Carlin*, and that there be judgment in his favor, and that he recover his costs in both courts.