## No. 9212.

### SUCCESSION OF FELIX RIEGER.

Evidence offered on the trial of a suit by one of the heirs of a succession against the surviving widow of the deceased, for the purpose of compelling her to include in the inventory, property which she claimed as part of her separate estate, is inadmissible as evidence on the trial of an issue growing out of an opposition to her account of administration for the rejection of a moneyed claim for her paraphernal rights against the community.

The ruling of the district judge, ordering the testimony of a party to the suit to be stricken out of the record, for the reason that such party refuses or fails to appear in court for the cross-examination, is within his legal discretion, and will not be disturbed on appeal.

APPEAL from the Civil District Court, for the Parish of Orleans; Monroe, J.

*Breaux & Hall* for Opponents and Appellees.

*R. J. Ker*, and *F. Michinard* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This controversy involves the correctness of a provisional account of administration, presented by the administratrix who is the surviving widow of the deceased.

There are no children of the marriage, and the contest is between the administratrix and the collateral heirs of her husband.

The contention on appeal hinges upon an item of $10,000, charged in the account as the widow's claim of her paraphernal rights against the community; and it presents also an opposition to an item of $1350 allowed for the claim of a deceased child of the widow, issue of a previous marriage.

The district court reduced the widow's claim from $10,000 to $800, and rejected the claim of Victorine Stegle, the deceased child, with reservation of the rights of her heirs to press their claim thereto. The administratrix appeals.

Her counsel call our attention to two bills of exceptions which she has taken to the rulings of the judge: 1. She complains of his refusal to admit in evidence the testimony of several witnesses taken in a contest which had grown up between herself and one of the opponents in the present litigation. It appears that the inventory which the administratrix had caused to be made of the succession property had been opposed by one Marcus Rieger, the only heir of the deceased present in the State, who had brought a suit against the surviving widow, with a view to compel her to inventory, as belonging to the community, certain property which she claimed as her own. The judgment rendered

in that suit compelled her to include that property in the inventory, under the reservation of her right to urge her paraphernal claims in due course of administration.

The judge did not err in excluding that testimony from the trial of this opposition. The parties are not the same, the capacity of the widow is not the same, and the issue is different. In the previous contest the question involved the status of certain property, as belonging to the community or to the surviving widow. The issue in the present case involves a moneyed claim of the widow for the restitution of her paraphernal funds which had enured to the benefit of the community. The evidence was clearly inadmissible.

2. Her second bill charges error in the order of the district judge striking out her own testimony, which was done under the following circumstances:

After she had been examined in chief, and while she was being cross-examined, she complained of being sick and asked to postpone her cross-examination, which was, in consequence, continued to the next day. On that day she sent an excuse for continued illness, whereupon the case was continued to a fixed day, with the warning by the court to her counsel that, in case of her continued illness, her testimony should be taken under a commission. Her counsel made no effort in that direction, although notified by the opposite counsel of their readiness to proceed to take the testimony under a commission. On the day fixed for the final hearing, the administratrix failed to appear, and counsel for opponents, insisting for their right of cross-examination, the court entered an order striking her testimony, as far as given, from the record.

We are not disposed to interfere with the discretion wisely vested in courts of the first instance in their rulings on such points. If the judge believed, as he had every reason to conclude, that this party, by her persistent failure to submit to a cross-examination, and by her conduct impeded the settlement of the succession which she represented, with possession of all the property, it was his duty to put an end to such a state of things. After due warning to her counsel, the judge used the most efficient means of preventing a denial of justice, and we cannot take the responsibility of disturbing his ruling.

The condition of the widows's recovery of the sum which she claimed is two-fold. She must prove, with legal precision, the amount of her paraphernal funds; and in the next place she must show that the funds were received by the husband and used in his business.

When Mrs. Rieger married her third and last husband, she kept a grocery and bar-room in this city; and the stock in that grocery is the only paraphernal property which the record satisfactorily proves that she owned at the time of her marriage, and which came under the husband's administration. That stock is variously estimated at $600 and as high as $1500. The judge adopted the estimation of $800, and we find no sanction or ground to justify a different conclusion. The testimony is voluminous, but equally loose, conflicting, and unsatisfactory· Several witnesses, whose only source of knowledge was in drinking at the bar, visiting the widow, and gossiping at the corner grocery, state that she had large sums of money previous to her marriage, but all of that testimony is of the weakest kind, and no portion of it even intimates that any of the widow's money was ever received by her last husband and used in his business. Hence we do not feel authorized to increase the allowance made in her favor by the court. But in consideration of the fact that the account under discussion is only provisional, and of the circumstance that the testimony of the administratrix was stricken out, we think the other ends of justice require that she should be granted another opportunity of establishing her claim, if she can, with more certainty. Hence we shall amend the judgment to that end.

Under the evidence, we find no error in the disposition made by the lower court of the item charged in the account in favor of the late Victorine Stegle. Before concluding this opinion we are reluctantly compelled to refer to the incomplete condition of the transcript in this case. —a circumstance which has increased the labor of our examination of the cause beyond all reasonable bounds. In the language of appellee's counsel, "the confusion of this transcript is beyond the power of expression to render justice to it." Several transcripts now under examination in this court, emanating from the same office, are almost as incomplete. Competency must be one of the attributes of a clerk, and none but experienced copyists should be entrusted with the confection of such important documents as transcripts of appeal.

It is therefore ordered that the judgment appealed from be amended so as to reject the claim for paraphernal funds credited to herself by the administratrix as reduced by the lower court, as in case of nonsuit, and as thus amended, said judgment be affirmed. Costs of appeal to be paid by the succession.