————O————

5615.

(Court of Appeal, Parish of Orleans.)

## SAMUEL D. PETERS vs. VIOLA LAROQUE TUR-GEAU, WIFE OF ELMER E. RANDALL.

1. A note executed by a married woman without the authorization of her husband or of the Judge, for the fees of counsel employed by her to institute a suit against her husband for separation or divorce, is not binding on her.

The order of the Judge authorizing her to sue, cannot be considered as empowering her to contract with any one with reference to the suit. But *quaere*, when a suit for separation has been actually brought, can the attorneys employed by her sue on a *quantum meruit* for the value of their services. (See Crow vs. Yocom, 11 Rob., 506.)

2. Attorneys' fees cannot be recovered for the dissolution of an attachment which was not dissolved on rule or motion, but merely fell by reason of a judgment adverse to plaintiff on the merits of the cause.

—355—

Appeal from the Civil District Court, Division "B."

H. L. Garland, for plaintiff and appellee.

Lyle Saxon, Curator ad hoc and appellant.

ST. PAUL, J.—Plaintiff sues as the holder of defendant's two promissory notes aggregating $275.00, which notes were given under the following circumstances, to-wit: Defendant was then married to one George A. Choppin, from whom she was desirous of obtaining a divorce. To that end she employed counsel, who instituted the procedings after having obtained the authorization of the Judge.

After filing the petition, but before the judgment, which was in her favor, she signed the notes herein sued on, which she gave to her counsel for his fees and costs, and which he negotiated with plaintiff. The issue is therefore, presented whether an action can be maintained on the notes.

The precise question arose and was decided in **Crow vs. Yocom, 11 Rob. 506**, the syllabus whereof reads as follows:

> "A note executed by a married woman without the authorization of her husband or of the Judge, for the fees of counsel employed by her to institute a suit against her husband for separation of property, is not binding on her. The order of the Judge authorizing her to sue, cannot be considered as empowering her to contract with any one with reference to the suit. But when a suit for separation has been actually brought, the attorneys employed by her may sue on a **quantum meruit**, for the value of their services."

So far as affects the principles applied by the Court to the solution of the questions above decided, we see no distinction between suits for separation of property and suits for separation of bed and board and for divorce. Hence we think the above citation conclusive against the right to sue defendant upon **her notes.**

For the rest, and as to that part of the above quoted authority which recognizes the right of counsel to sue upon a quantum meruit, a majority of the Court are in doubt as to whether that has not been overruled by later cases; hence, and also for the reason that it is not necessary for the decision of the case before us, we express no opinion on that point, and the right of counsel, or his assignee, to proceed in that manner, if any he have, is fully reserved.

Defendant has reconvened for attorney's fees herein but they cannot be allowed. It is true that her property was attached and she was brought into Court through a curator ad hoc; but her appearance was by **her attorney.** Hence we are not now dealing with a question of the fee of a curator ad hoc, to be taxed as costs, but solely with the question of defendant's right to recover attorney's fees for dissolving the attachment. As that attachment is not dissolved on rule or motion, but merely falls because of a judgment adverse to plaintiff on the merits of the cause, she can recover no attorneys' fees for dissolving the same. **Kentucky Refining Co. vs. Lancaster Oil Co. 2 Court of Appeal, p. 168.**

It is, therefore ordered, adjudged and decreed, that the judgment herein appealed from be annulled, avoided and reversed, and it is now ordered that there be judgment in favor of defendant rejecting plaintiff's demand, and dissolving the attachment herein issued; reserving, however, the right, if any there be, to sue upon quantum

— 357 —

meruit. And it is further ordered that the reconventional demand of defendant be rejected, and that plaintiff pay all costs of both Courts.

June 18th, 1912.

Rehearing refused, June 27th, 1912.

June 28th, 1912, notice of intention to apply to Supreme Court for writ, etc.