————o————

## No. 6399.

## SAMUEL D. PETERS vs. MRS. ELMER E. RANDALL.

### Syllabus.

1. The proposition that one citizen of this State may contract a debt towards another, and discharge that debt by the simple process of betaking himself to parts unknown during the time necessary for prescription to run, is one which finds no support either in law or in equity.

2. Attorneys at law employed by a wife to obtain a separation or divorce from her husband, and who do obtain the same, may recover ·from her upon *quantum meruit* the value of their services.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 101,837. Honorable E. K. Skinner, Judge.

H. L. Garland, for plaintiff and appellee.

Lyle Saxon, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a claim for attorney's fees and moneys advanced for costs and expenses in obtaining for defendant a divorce from her first husband.

As the first attempt to enforce this claim judicially was made more than three years after the divorce proceedings ended, the defendant pleads the prescription of three years.

**C. C., 3538.**

It is shown that about the time of obtaining her divorce the defendant left the State, leaving, however, no fixed address where she might be found and no property within the State; that plaintiff had no knowledge of her whereabouts until he discovered that she had come into a certain inheritance which he immediatly seized.

It has repeatedly been held by the Supreme Court of this State that prescription runs in favor of a debtor who has left the State, but whose place of residence was known to the creditor.

This is an affirmative pregnant with a negative. And the proposition that one citizen of this State may con-

tract a debt towards another, and discharge that debt by the simple process of betaking himself to parts unknown during the time necessary for prescription to run, is one which finds no support either in law or in equity.

Prescription operating a release from debt, being based upon the theory that the creditor "can only blame himself for not having taken his measures within the time directed by law," **C. C.**, 3550, it follows that it does not run when there are no measures allowed by law of which the creditor might avail himself. **Contra non valentem agere non currit prescriptio.**

And it is elementary that under the circumstances above set forth there were no measures which plaintiff might have taken to collect his debt at any earlier moment.

**Pennoyer vs. Neff, 95 U. S., 714.**

### On The Merits.

The merits of the case are thus disposed of by our able brother of the District Court:

"Common every day equity and justice are with the plaintiff.

"It appears that the defendant was married to an irresponsible and impecunious absentee.

"She employed counsel to obtain from a worthless husband whose title of **head and master of the community** is a keen sarcasm.

"The services were rendered to her, and she profited by them, in the same way and to the same extent that she would in the purchase of household supplies.

"I see no distinction in her liability when she personally receives the benefit.

"In **Benedict vs. Holmes**, the ultimate effect was to diminish the wife's share in the community, hence

— 350 —

we can infer that if there was no community to pay the debt it was she who would have been compelled to pay the debt incurred.

"The wife certainly has the right and power to contract for necessaries, independent of her husband; but it would be manifestly unjust and unfair to relegate her creditors to an insolvent and bankrupt estate."

"If this is not the law then the wife would have no right or power to buy necessaries and would be compelled to starve or defraud her creditors.

"The services rendered were worth the amount (claimed) and the Court finds on the quantum meruit that plaintiff is entitled to that amount and as prayed for."

We fully concur in these views. **Benedict vs. Holmes, 104 La., 535,** decides no more than this; that attorney's fees incurred by a wife in the adjustment of a community between herself and her husband, are a proper charge against that community for which the husband is of course primarily liable. Nothing in that opinion conflicts with the views so well expressed by the District Judge, which find ample support in **Crow vs. Yocum, 11 Rob., 506.**

Opinion and decree, May 31st, 1915.

Rehearing refused, June 30th, 1915.

Writ denied, October 20th, 1915.