Defendants, Lynn Dunn, Wiley Dunn and Will Henry Dunn, are the children of the *Page 165 
original marriage of Mack N. Dunn. In the year 1912, following his first wife's death, the latter married Mrs. Laura Bradley who was the widow of Gus Bradley, deceased, and the mother of the plaintiffs, Mrs. Mary Bradley Slack and G.C. Bradley.
During the second marriage, on April 18, 1927, Mack N. Dunn purchased from T. Frank Adkins a small lot of ground located in Shongaloo, Webster Parish, Louisiana, with improvements thereon, for the total consideration of $900. Of this amount $600 was paid in cash, and the balance was represented by a note for the sum of $300 due in six months.
On January 27, 1932, Mrs. Laura Bradley Dunn and Mack N. Dunn appeared before a notary public and two witnesses, and there joined in the execution of an act styled a paraphernal mortgage.
In the act, Mrs. Dunn declared:
"That she is the wife of Mack N. Dunn, a resident of Webster Parish, Louisiana; that her said husband, Mack N. Dunn, is justly and truly indebted unto her in the full sum of Nine Hundred Dollars ($900.00); that said sum of money was received by her husband from her in cash, and used in purchasing real property in his own name, particularly the piece of property from T. Frank Adkins on the 18th day of April, 1927, more particularly described in Volume 75, Page 410 of the Conveyance Records of Webster Parish, Louisiana.
"That said money was earned by her by farming, and also she received some of said money from her first husband's estate; that said money was her own separate and paraphernal funds; that her husband is indebted unto her for said amount; that she has a legal mortgage on any and all property belonging to him, and on his interest in all community existing between herself and her said husband; that she files this and desires that it be recorded as a paraphernal mortgage on his property."
The husband's declaration in such instrument was:
"That he is indebted unto his said wife, Mrs. Laura Amerson Bradley Dunn, for the above amount; that said sum was her separate and paraphernal funds; that he received same and used it in purchasing real property in his own name and for his private affairs and business."
Mack N. Dunn died on November 1, 1934. The only property left by him was his community interest in the lot and improvements acquired from Adkins, and in some store fixtures and merchandise.
The widow, on December 13, 1934, pursuant to proper application, was appointed, and she qualified as, administratrix of his succession. No further steps, however, were taken by her toward the settlement of the estate. She died September 19, 1939.
In this suit, plaintiffs allege that as sole heirs of their deceased mother they are now the owners of the above described $900 paraphernal mortgage or obligation of Mack N. Dunn; and that defendants, having accepted unconditionally the succession of their deceased father, are jointly liable for all of his debts, particularly the above mentioned obligation.
The prayer of plaintiffs is that they have judgment against defendants jointly for the said sum of $900, and further that their legal mortgage be recognized and enforced against all property owned by Mack N. Dunn at the time of his death, especially the described lot with improvements located in Shongaloo, Louisiana.
Defendants, in their answer, admit that they are the sole heirs of Mack N. Dunn and as such are entitled to inherit the property which he owned when death occurred.
They deny, however, that they have accepted his succession, "purely, simply, and unconditionally, but that they do accept said succession under benefit of inventory."
With reference to the alleged paraphernal mortgage, the execution of which is admitted, defendants aver that it "was simulated, fraudulent, and without consideration, and void"; that it "never had any real existence but was executed and placed on record by Mack N. Dunn with the fraudulent design at the time of screening his property from the pursuit of his creditors, who were threatening suit against him, and was a mere sham"; and that "Mack N. Dunn was never, in any sum whatever, indebted to his wife, Mrs. Laura M. Dunn, either prior to, nor subsequent to said pretended mortgage".
The answer also contains allegations regarding the use by Mrs. Dunn, after the death of defendants' father, of certain funds belonging to the community; and this forms the basis of a reconventional demand.
The trial of the case resulted in a judgment in favor of plaintiffs and against defendants, jointly, for the sum of $300; and *Page 166 
it recognized and ordered enforced the paraphernal mortgage to the extent of that amount. Evidently, defendants' reconventional demand was rejected; however, the record does not recite the disposition made of it.
Defendants have appealed devolutively; and their counsel states in his brief that:
"The question involved here is whether or not a paraphernal mortgage executed by Mack N. Dunn in favor of his wife, Mrs. Laura B. Dunn, has any legal effect against the rights of defendants as the forced heirs of their father, Mack N. Dunn, deceased."
The quoted statement of counsel indicates that the reconventional demand has been abandoned.
No appeal was requested by plaintiffs. Neither have they answered defendants' appeal seeking an increase of the judgment to the amount of the described paraphernal mortgage.
Seemingly applicable to this case are the following principles of law. Where it is proved that a husband has received the paraphernal property of the wife, or otherwise disposed of it for his individual interest, she has a legal mortgage on all of his property for its reimbursement. Civil Code, Article 2390.
Forced heirs are to be viewed as third persons, and they have the right to attack on the ground of simulation the acts made by those from whom they inherit. Civil Code, Article 2239; Louis v. Richard, 12 La.Ann. 684; Guilbeau v. Thibodeau, 30 La.Ann. 1099; Scott v. Briscoe, 37 La.Ann. 178.
As against creditors and forced heirs of the husband, the wife or her heirs must prove, otherwise than by a confession or acknowledgment of the husband, the origin and payment of her paraphernal funds in an action for their recovery. Dimitry v. Pollock, 5 Rob., 347, 350; Succession of Guillemin, 2 La.Ann. 634; Benoist v. Blanchard, 6 La.Ann. 791. The amount of the claim must be established with legal precision, and it must be proved with certainty that the funds were received by the husband and used in his business. Succession of Rieger, 37 La.Ann. 104; Peters v. Norris, 191 La. 436, 185 So. 461.
Defendants in the instant case are within their rights in attacking, as being simulated, the act executed by their father that declares the existence of a paraphernal mortgage in favor of their step mother; for they are his forced heirs. When they offered evidence, in support of their allegations, tending to show that the instrument was executed solely for the purpose of protecting his property from seizure by a creditor, it became encumbent on these plaintiffs to prove the verity of their claim.
The assailed notarial act, which is the basis of the suit, recites that the money advanced by Mrs. Dunn was obtained by her through farming operations and from her first husband's estate, and that Mack N. Dunn used it in purchasing real property in his own name and for his private affairs and business; but the only specific evidence offered by plaintiffs in proof of those recitals is the following testimony of G.E. Bradley:
"Q. Were you somewhat familiar with the affairs of your mother, finances of your mother? A. Well, I am supposed to be, yes.
"Q. Do you know anything about the value of the money she had before she married Mr. Dunn? A. Well, we had a little place over there and she was interested in that.
"Q. Did you buy her out? A. After she married I give her $300 and paid her off and borrowed the money.
"Q. It was quite a time after your father's death before she married Mr. Dunn? Some 14 years? A. He died in 1900 and she married in 1912. Something like that.
"Q. Did your mother save any money during that time? A. Not except what we saved together."
The deed evidencing the mentioned $300 sale was not offered in evidence. Neither did plaintiffs attempt to show Mrs. Dunn's ownership at any time of an additional $600, such as is provided for in the paraphernal mortgage.
It is clearly to be seen that the legal requirements above set forth, concerning the matter of proof, have not been met. Even if Mrs. Dunn received $300 from the named son, as he testified, it does not appear that she delivered it to her husband who used it in his business or for his individual benefit. Consequently, plaintiffs have not discharged the burden carried by them, and they are not entitled to recover judgment herein. *Page 167 
Accordingly, for the reasons assigned the judgment of the district court is reversed and set aside, and there is now judgment rejecting the demands of plaintiffs and dismissing the suit at their costs.